THE STATE OF FLORIDA, EX REL. ARCHIBALD MC-CALLUM & SON, PLAINTIFF, vs. COLUMBUS B. SMITH, JUSTICE OF THE PEACE, DEFENDANT.

A defect of statement in a replevin affidavit is not fatal to the jurisdiction of the cause, but is amendable under Section 1723 Rev. Stats. ; and prohibition is not a proper remedy for correcting the error of a justice of the peace in refusing to allow an amendment of such defect, the error being one committ d in the progress of a cause of which the justice had jurisdiction notwithstanding the defect.

This is a case of original jurisdiction.

Motion for Writ of Prohibition.

The facts in the case are stated in the opinion of the court.

*M. C. Jordan* for Plaintiff.

*A. W. Cockrell & Son* for Defendant.

RANEY, C. J.:

According to the statement of the suggestion for the writ of prohibition, the relators began an action of replevin in April of the present year, in the justice of the peace court for the tenth district of Duval county, against Elisha Gee, as assignee of John E. Dupont, successor to Culpepper & Dupont, for the recovery of ten half barrels of flour and five barrels of the same

article, the whole being valued at $45.25, they filing an affidavit and giving bond with sureties, and the replevin writ and summons were issued and executed, and the declaration was filed. Afterwards the defendant Gee moved to quash the proceedings on the ground that the affidavit and bond were not the affidavit and bond required by law. Thereupon McCallum & Son moved to amend in the particulars objected to, but the justice of the peace rendered judgment overruling the motion to amend and dismissing the action; and further, that the goods, they not having been re-delivered to the defendant, should be returned to him, and for costs in his favor; and that the defendant have and recover of the plaintiffs, McCallum & Son, $47.25, the value of the goods. The plaintiffs having excepted to the rulings, took an appeal from such judgment to the Circuit Court, and on the sixteenth day of October of the present year that court rendered judgment reversing the judgment appealed from, and directing that the justice of the peace should, upon the cause being remanded, "proceed therein upon the dismissal of the said writ of replevin, as required by law, and in accordance with the opinion of the Circuit Court filed" therein. The opinion referred to holds that notwithstanding sec. 1723 (which reads: "Pleadings and proceedings in replevin shall be amendable as in other actions, and no motion to dismiss a replevin suit, or quash the execution of the writ shall be granted if application be made to amend in the particular objected to. But if any amendment be made to any replevin bond, such amended bond, although not theretofore binding on the sureties, shall relate back to the institution of the suit, and afford protection to the defendant in replevin from such institution,"), the amendment of the affidavit should not

have been allowed, and for the reason that an affidavit conforming to the statutory requirements is the foundation of the court's jurisdiction of an action of replevin, and that an amendment can not be allowed in a case where the court has not acquired jurisdiction, and consequently not of a replevin affidavit, but that the statute authorized in replevin cases only such amendments as could be made in other cases of which the court has jurisdiction. The defect in the affidavit was the omission of the words "liable to execution," to be found in sec. 1712, Rev. Stat., in the clause stating that the property has not been "seized under any execution or attachment against the goods and chattels of such plaintiff liable to execution." Holding the omitted words to be material, the judge concludes that the motion to quash should have been granted, he observing that the court's "jurisdiction of the action depends upon the affidavit's stating the facts detailed in the statute, and if it could dispense with one, it might with equal propriety dispense with all." The opinion, citing Sections 1724, 1725, Rev. Stat., also decides that although the jurisdiction to try the cause depends upon making the affidavit, etc., required by the statute, and without a compliance with such requirements the action must be dismissed because the court has no jurisdiction, yet the statute in prescribing the form of the judgment to be rendered in case of dismissal vests in the court the jurisdiction and power to render the judgment required upon proper proceedings had before it. It further states that one of the assignments of error raises the question whether the justice should have rendered judgment for the value of the property, when the record shows no means taken to assess such value in pursuance of the statute, and, after remarking in effect that it is not necessary to decide whether

the value is to be ascertained from the affidavit, or by the court, or a jury, says that it does not appear by the judgment or record that the court in any manner judicially ascertained the value, and for this reason the cause must be remanded. It is also held that the judgment is defective, in that it does not comply with the statute in that the value of each article is not attempted to be found and set out; and calling attention to the fact that the judgment of the justice requires the return of ten half-barrels, when the return of the constable shows that only nine were taken under the writ, the judge directs that the cause be remanded for further proceedings in conformity to the views expressed.

Having set out the above facts, the suggestion further states that the cause has been remanded to the justice of the peace court, and that the justice has announced his intention to proceed as directed by the mandate and opinion of the Circuit Court, and render judgment against the plaintiffs and their sureties, not only for the recovery of said property, but also for the value thereof, as he is authorized to do by the judgment of the Circuit Court; and the suggestion urges that as the justice of the peace and Circuit Judge have adjudged that the former had, for the reasons indicated, no jurisdiction of the suit in replevin, there is now no warrant or authority of law in the justice of the peace to proceed further herein to a point beyond the judgment quashing the writ and dismissing the proceedings, notwithstanding the opinion, mandate and judgment of the Circuit Court; and a writ of prohibition is prayed accordingly.

The suggestion is demurred to.

If it were the law that the defect in the affidavit is fatal to the justice's jurisdiction of the cause, we might

have to consider the question whether or not there was judicial power in the justice to do more than dismiss the proceedings, but we are entirely satisfied that such is not the law, and that the power and duty to allow amendments of replevin proceedings, as provided by Section 1723, Rev. Stat., pertain to the conduct of the cause as one of which the court has obtained jurisdiction under the defective proceedings sought to be amended, or notwithstanding such defects. It is not a case of the class to which Hays vs. McNealy, 16 Fla., 409, belongs, where the averment of certain facts must appear on the record in order to show jurisdiction, and if there is an absence of such averment, the entire proceeding is *coram non judice*, and is absolutely void. The very purpose of the statute was to avoid dismissals on account of these defects, and require the court to proceed and do substantial justice on the defects being amended. The language is plain and will not sustain an interpretation that excludes the amendment of an affidavit which is defective in its statements; and there is nothing in the spirit or words of the Constitution that militates against the authority of the Legislature to confer the power which is given to amend.

A writ of prohibition is not the remedy for correcting mere errors of procedure committed in the progress of a cause of which a court has jurisdiction, and for this reason, if for no other, the demurrer must be sustained. The relators availed themselves of the proper remedy for reviewing the decision of the justice of the peace when they took their appeal to the Circuit Court, and they have met the result indicated by the record.

The demurrer is sustained. There will be judgment accordingly.