THOMAS ROBERTS, GEORGE W. B. ROBERTS, JOSEPH E. TAYLOR, WILLIAM B. MONTGOMERY, F. W. BENNETT AND WARREN A. WRIGHT, PARTNERS AS THOS. ROBERTS & CO., WILLIAM S. WIGHTMAN, ARCHIBALD McCALLUM AND KINGSLEY McCALLUM, PLAINTIFFS IN ERROR, VS. ELISHA GEE, AS ASSIGNEE OF JOHN E. DuPONT, AS SUCCESSOR OF ANDREW F. CULPEPPER AND JOHN E. DuPONT, PARTNERS AS CULPEPPER & DuPONT, DEFENDANT IN ERROR.

Where there is a material variance between the writ and the affidavit and bond in an action of replevin, and plaintiff makes seasonable application to amend the writ, so as to cure the variance, the court should, under the provisions of section 1723 Revised Statutes, permit the amendment, and decline to quash the writ because of such variance.

Writ of Error to the Circuit Court for Duval county.

The facts in the case are stated in the opinion.

*M. C. Jordan*, for Plaintiffs in Error.

No appearance for Defendant in Error.

CARTER, J.:

On February 5, 1894, defendant in error, against whom the plaintiffs in error, Thos. Roberts & Co., had instituted an action of replevin in the Circuit Court of Duval county, moved to quash the writ and summons and the affidavit and the bond in said action upon various grounds, only one of which had any application to the writ and summons, *viz:* That the affidavit and bond as amended left the writ and summons without basis or support. The plaintiffs in replevin thereupon moved the court for leave to amend the writ and summons so that the names of the parties plaintiff and defendant would appear therein as in the original affidavit and bond. On February 22, 1894, the court denied plaintiffs' motion to amend, and granted defendant's motion to quash the writ, and entered an order quashing the writ of replevin, and adjudging that the defendant, not having re-replevied the property in dispute, was entitled to judgment for same and against the plaintiffs and the sureties on their bond for the value thereof. On March 5, 1894, the court having ascertained the value of the property to be $142.56, it was adjudged that plaintiffs take nothing by their suit and that the same be dismissed; that defendant recover of plaintiffs the specific goods replevied, and costs; and from plaintiffs and Archibald McCallum, Kingsley McCallum and William S. Wightman, sureties on plaintiffs' replevy bond, the said sum of $142.56. From this judgment the plaintiffs in error sued out the present writ.

The proceedings were originally instituted in the lower court on April 25, 1893, the affidavit being made and bond given by Archibald McCallum, as agent for plaintiffs Thos. Roberts & Co. The writ, issued on same day, named the plaintiffs as Joseph Taylor, William B. Montgomery and Warren A. Wright, partners as Thos. Roberts & Co., and the defendant as Elisha Gee, as assignee of John E. DuPont, while the affidavit and bond named the plaintiffs as Thomas Roberts, George W. B. Roberts, Joseph E. Taylor, William B. Montgomery, F. W. Bennett and Warren A. Wright, partners as Thomas Roberts & Co., and the defendant as Elisha Gee, as assignee of John E. DuPont, as successor of Andrew F. Culpepper and John E. DuPont, partners as Culpepper & DuPont. The defendant moved to quash the "writ and proceedings" upon the ground that the affidavit and bond filed were not such as the law prescribed, and the plaintiffs thereupon filed the amended affidavits and bonds, mentioned in the second motion, but the names of the parties were stated therein as in the original affidavit and bond. The first motion of defendant was never finally disposed of.

It is necessary for us to consider only the sixth error assigned, *viz:* That the court below erred in granting the motion of the defendant to quash and dismiss the plaintiffs' proceedings. The plaintiffs in error have argued the case here as if the court below quashed the original and amended affidavits and bonds, as well as the writ, but a reference to the order made upon the motion of defendant in error will show that the court granted it only in so far as it applied to the writ of replevin. It is, therefore, proper that we confine our investigations to that particular question. The

only ground assigned in defendant's motion having any application to the writ was, that the affidavit and bond as amended left the writ and summons without basis or support.   This was the first assault made directly upon the writ; the previous motion to quash being confined entirely to the affidavit and bond. The court upon application of plaintiffs in the suit had granted leave to amend the affidavit and bond to meet the supposed objections thereto embraced in the first motion to quash them.   It is not perceived by us that the amendments to the bond and affidavit deprived the writ of a basis or support, nor has the defendant in error enlightened us upon that point by filing a brief in this court.   There was no variance whatever between this writ and the original or amended affidavits and bonds, except in the names of the parties plaintiff and defendant, and the plaintiff offered to amend so as to cure this variance.   The amendment offered was material, the application seasonably made, and under the provision of section 1723 Revised Statutes, that "pleadings and proceedings in replevin shall be amendable as in other actions," the court below should have allowed it, and declined to quash the writ upon the ground mentioned.   State *ex rel.* McCallum vs. Smith, 32 Fla. 476, 14 South. Rep. 43.

The judgment of the court below is reversed, for further proceedings in accordance with law and this opinion.