THE STATE OF FLORIDA *ex rel.* CHARLES RHEINAUER, RELATOR, VS. JOHN W. MALONE, JUDGE OF THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT OF FLORIDA, RESPONDENT.

The writ of prohibition is not granted *ex debito justiciae*, but rests in the sound discretion of the court. Its proper function is to confine inferior courts, in the exercise of their powers, within the limits fixed by law, and is never allowed to usurp the office of a writ of error or an appeal. A distinction exists between the assumption of jurisdiction to which the court has no legal claim, and the mere erroneous exercise of a jurisdiction with which it is invested; in the former case prohibition is the

proper remedy; but in the latter, the error can not only be corrected by appellate proceeding.

This is a case of original jurisdiction.
Suggestion for a writ of prohibition.

*Geo. P. Raney,* for Relator.

Per CURIAM :

From the suggeston filed in this court for a writ of prohibition, it appears that in August, 1897, the State of Florida, using the name of the Honorable W. D. Bloxham, as Governor, instituted a suit in an action of covenant against Charles Rheinauer in the Circuit Court of the Second Judicial Circuit for Leon county, and caused a writ of summons *ad respondendum* to be issued from said court, addressed to all and singular the sheriffs of the State, commanding that said Rheinauer be summoned to be and appear before the Judge of said Circuit for said county on the 1st day in September, 1897, to answer the Hon. W. D. Bloxham, suing as aforesaid. That said writ was placed in the hands of the sheriff of Marion county, Florida, for service, and was served by said sheriff on Rheinauer on the 21st day of August, 1897, in Marion county, Florida. That the declaration in said cause was filed September 1st, 1897, alleging that said Charles Rheinauer, on the 3rd day of December, 1892, by his writing obligatory, sealed with his seal, acknowledged himself held and firmly bound unto Francis P. Fleming, Governor of Florida, and his successors in office, in the penal sum of $15,000; such writing obligatory being subject to a certain condition to the effect that when one Clarence B. Collins, who was then about to be commissioned by the Governor as Treasurer of said State, should render a correct and faith-

State of Florida v. Malone—Opinion of Court.

ful account of all moneys that might come into his possession or custody by virtue of his said office, and faithfully execute and perform all the duties of his said office as prescribed by law, then said obligation to be void, but otherwise to remain in full force and virtue; and that said bond was then and there approved by the Governor, and said Collins commissioned as Treasurer of the State for a term of four years from the first Tuesday after the first Monday in January, 1893, and he then entered upon the discharge of the duties of his said office. Various breaches of the covenants and conditions of said bond are alleged in the declaration, as shown by the suggestion, the recital of which is not necessary in this proceeding.

The suggestion shows that at the time of filing the praecipe for summons in the action, plaintiff also filed an affidavit made by the Attorney-General of the State, to the effect that such suit was brought in good faith in the county where the cause of action accrued, and with no intention to annoy the defendant. It is further made to appear that Rheinauer entered a special appearance in the cause for the purpose of moving to quash and set aside, and having adjudged illegal, the service of said writ of summons on him, and thereafter, before any other proceedings were had in said cause, he entered, upon said appearance, his motion to quash and set aside the service so made of said writ of summons, upon the ground that the only service upon him was made in Marion county, which county was without the territorial limits of the Second Judicial Circuit of Florida, and not within the jurisdiction of said court; that said motion, coming on to be heard, was overruled by the Hon. John W. Malone, Judge of the Second Judicial Circuit, sitting in and for Leon county, on the 14th day of January, 1898, and Rheinauer, petitioner, was allowed

until the 7th day of February, 1898, to plead therein as he might be advised. It is also further suggested that the contention made by petitioner in support of his motion was that the statute of the State of Florida authorizing the service of such writs in such actions, outside the territorial limits of the judicial circuit in or from which it may have issued, was unconstitutional, null and void, and the service on petitioner was ineffectual to give the court jurisdiction of the cause, or of the person of the defendant, which contention was resisted by the plaintiff, and overruled by the said judge. A writ of prohibition is prayed, to be directed to the Hon. John W. Malone, Judge of the said circuit, commanding him to desist from taking any further proceedings in, or otherwise entertaining jurisdiction of said cause against petitioner.

In the case of McConiha et al. v. Guthrie, Judge, &c., 21 W. Va. 134, it is said, in speaking of the writ of prohibition, that "it is an original remedial writ, and is the remedy afforded by the common law against encroachments of jurisdiction by inferior courts, and is used to keep such courts within the limits and bounds prescribed for them by law, and should, therefore, in all proper cases, be applied without hesitation. But it does not lie for errors or grievances which may be redressed, in the ordinary course of judicial proceedings, by appeal or writ of error. It is a fundamental principle, and one which will be strictly enforced, that this writ is never allowed to usurp the functions of a writ of error, or certiorari, and can never be employed as a process for the correction of errors of inferior tribunals. The courts will not permit a writ, which proceeds upon the ground of an excess or usurpation of jurisdiction to become an instrument itself of usurpation, or be confounded with a writ of error which proceeds upon the ground of error

in the exercise of a jurisdiction which is conceded. It does not lie to prevent a subordinate court from deciding erroneously, or from enforcing an erroneous judgment in a case in which it has a right to adjudicate. In the application of the principle, it matters not whether the court below has decided correctly or erroneously; its jurisdiction of the matter in controversy being conceded, prohibition will not lie to prevent an eroneous exercise of that jurisdiction." The court say, in Leonard v. Bartels *et al.*, 4 Col. 95, that a writ of prohibition "is not granted *ex debito justicia*, but rests in the sound discretion of the court. It is a prerogative writ, used with great caution, where the ordinary remedies provided by the law are not applicable or adequate. It is never allowed to usurp the office of a writ of error or an appeal. It is used to confine inferior courts, in the exercise of their powers, within the limits fixed by the law: A clear distinction is made by the authorities between the assumption of a jurisdiction, to which the court has no legal claim, and the mere erroneous exercise of a jurisdiction with which the court is *invested*. If the inferior court has jurisdiction of the subject-matter, a mistaken exercise of that jurisdiction, or of its acknowledged powers, will not justify a resort to the extraordinary remedy by prohibition. There must be excess of jurisdiction and not mere error in the exercise of a jurisdiction which is conceded." In the case of the The Mines D'Or de Quartz Mountain Societe Anomyme v. Superior Court of Fresno County, 91 Cal. 101, 27 Pac. Rep. 532, it was held that where a court had jurisdiction of the subject-matter of an action, and had ordered that summons be served upon defendants by publication, the question as to whether it acquires jurisdiction over the defendants so served, is one which the court had authority to pass upon, and a writ

of prohibition will not lie to restrain the court from further proceeding in the action until the defendants should personally appear or be personally served with summons, on the alleged ground that the case is not a proper one for the publication of summons. The same court held, in Agassiz v. Superior Court, 90 Cal. 101, 27 Pac. Rep. 49, that the fact that a question of jurisdiction of the defendant is incidentally raised in an action does not present a sufficient cause for granting a writ of prohibition. Also State ex rel. v. Cory, 35 Minn. 178, 28 N. W. Rep. 217; People ex rel. v. Russel, 19 Abbs. Pr. 136. The trend of the decisions in this State is the same as in the cases to which reference is made. Sherlock v. City of Jacksonville, 17 Fla. 93; State ex rel. v. Smith, 32 Fla. 476, 14 South. Rep. 43; State ex rel. v. Hocker, Judge, 33 Fla. 283, 14 South. Rep. 586.

Nothing in the suggestion filed excludes the idea that the Judge of the Second Judicial Circuit had jurisdiction of the subject-matter involved in the suit between the Governor, in behalf of the State, and the petitioner, Rheinauer. The affidavit filed by the Attorney-General, at the institution of the suit, indicates the accrual of the cause of action in Leon county, and this is not questioned by the objections made by petitioner. On the service had upon him petitioner questioned, by the motion to quash, the rightful acquisition of jurisdiction over his person, but was met with an adverse ruling on his motion invoking the action of the court thereon, and the decision of the court was within the sphere of its jurisdiction over the matter. If it be conceded that the decision was wrong, which is not intimated, it would afford no ground for the issuance of a writ of prohibition, as the remedy to correct such an erroneous ruling is plain and adequate by writ of error after final judgment, should one be rendered against petitioner.

The suggestion shows no sufficient cause to authorize the issuance of a writ of prohibition, and the application therefor is denied.