### FORD v. BONNETTE et al.
### No. 14877.

Court of Appeal of Louisiana. Orleans.

Oct. 15, 1934.

Gill & Simon and Warren M. Simon, all of New Orleans, for appellant.

Daly & Hamlin and Paul Freund, Jr., all of New Orleans, for appellees.

WESTERFIELD, Judge.

The plaintiff, Edward Ford, brings this suit against Henry G. Bonnette, the owner, and Allen T. Bonnette, the driver, of an automobile which collided with him at the intersection of Thalia and Prytania streets at 6 o'clock p. m. on January 18, 1933. He claims the sum of $1,045.50 as damages for physical injuries, loss of wages, and expenses.

From a judgment below dismissing plaintiff's demand, he has appealed.

According to the allegations of the petition, as elaborated by his testimony, Ford had been standing on the sidewalk at the corner of Prytania and Thalia streets and undertook to cross Prytania street when, having progressed only two or three feet, he was struck by the right front fender of defendant's automobile, the right fender being the one nearest the sidewalk from which plaintiff entered the street. He says that he looked in the direction of the approaching automobile, but did not see it and knew nothing of its presence until he was struck.

The contention of plaintiff's counsel is that the driver of the Chevrolet sedan (defendant's automobile) was negligent in that he was proceeding at an excessive speed with only one headlight and because he was not keeping a proper lookout, as demonstrated by his failure to see the plaintiff in time to avoid the accident.

Defendants admit striking the plaintiff, but deny that the speed of the sedan was excessive, and aver that the accident was due solely to the negligence of the plaintiff in heedlessly entering the street in front of the oncoming Chevrolet at a time when it was impossible for the driver to avoid colliding with him.

There is very little conflict in the evidence except as to the speed of the automobile and on that point we find that the charge that it was excessive is not established. The driver of the automobile admits seeing the plaintiff standing on the sidewalk when about twenty feet distant from him and that fact is relied upon by the plaintiff's counsel to fix his responsibility upon the ground that there was a last clear chance to avoid the accident which the driver of the automobile failed to take advantage of. But, in our opinion, the fact that the plaintiff was observed standing upon the sidewalk when 20 feet away from the automobile is not sufficient to show that

there was an opportunity to avoid the accident, even if it be conceded, as is claimed, that the automobile, said to have been going twenty miles an hour, could easily have been stopped within that distance, because there is no reason to suppose that a pedestrian would leave the sidewalk and enter the street in the path of an automobile going twenty miles an hour when only twenty feet away. The plaintiff, we believe, was very imprudent in attempting to cross the street under the circumstances. He says he did not see any approaching vehicle, but he admits that there were two street lamps on that corner which were burning at the time and that at least one of the headlights of defendant's car was also burning. If he did not see the defendant's automobile, he should have seen it, because it was undoubtedly there and in close proximity with its headlight burning.

Our conclusion is that the judgment of the trial court is correct, and, for the reasons assigned, the judgment appealed from will be affirmed.

Affirmed.