STATE, *ex rel.* AMERICAN FIRE AND CASUALTY COMPANY, a corporation, and WALTER HAYS, v. PAUL D. BARNS, Judge of the Circuit Court of the Eleventh Judicial Circuit, and CLARENCE L. VLIET.

163 So. 715.

Opinion Filed October 31, 1935.

*Charles A. Morehead,* for Petitioners;

*Roger Edward Davis, Ray M. Watson* and *Miles Ventress,* for Respondents.

PER CURIAM.—The following rule *nisi* in prohibition was issued by this Court:

"THE STATE OE FLORIDA

to

"PAUL D. BARNS, AS JUDGE OF THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA, IN AND FOR DADE COUNTY, AND CLARENCE L. VLIET, GREETING:

"*Whereas* the State of Florida upon the relation of American Fire and Casualty Company, a corporation, and Walter Hays having by sworn petition shown unto the Supreme Court of Florida:

"1. On the 4th day of April, 1932, a declaration was filed in the case of Clarence L. Vliet, plaintiff, v. Joseph

R. Battle and Mrs. Joseph R. Battle, his wife, defendants, numbered 14399, in the Circuit Court of the Eleventh Judicial Circuit of Florida, in and for Dade County, Florida, at common law, said declaration sounding in tort and alleging, in the usual form, a cause of action based upon a collision between two motor vehicles resulting in personal injuries to the plaintiff; on the 5th day of June, 1933, pleas to said declaration were filed by all of the defendants to said cause; on the 12th day of December, 1933, a verdict was rendered in said cause in favor of said plaintiff and awarding him damages in the amount of $7,500.00; on the 15th day of December, 1933, said plaintiff obtained a final judgment in said cause in the amount of $7,500.00, plus $42.40 costs; on the 2nd day of March, 1934, a writ of garnishment was, upon proper application therefor by said judgment plaintiff, issued in said cause, directed to American Fire and Casualty Company, a Florida corporation, and duly served upon said company; on the 2nd day of April, 1934, said garnishee filed its answer to said writ of garnishment, denying any liability to said judgment defendant; on the 7th day of May, 1934, said plaintiff filed his traverse of said answer; on the 22nd day of August, 1934, certain written interrogatories were filed herein by said judgment plaintiff propounded to 'Walter Hays, president of' said garnishee corporation, seeking discovery before trial; on the 1st day of September, 1934, objections to said interrogatories were filed by said garnishee; on the 31st day of October, 1934, said objections after due notice, came on for hearing before the Honorable Paul D. Barns, Judge of said Court, and were duly argued by counsel for said garnishee and said judgment plaintiff; whereupon, on the 9th day of November, 1934, said Judge Barns entered an order which was recorded on the date thereof in Minute

Book 86, at page 187, of said Court, directing the said Hays, as President of said garnishee, to answer certain of said interrogatories, among which were two interrogatories requiring said Hays, as President of said garnishee, to attach to the answer to said interrogatories certain written instruments of ' said garnishee; all of the matters hereinabove suggested appear upon the face of the proceedings in said inferior court; and an indexed transcript of the record of all of said proceedings in said cause, duly certified, is attached hereto and hereby made a part hereof, whereto reference is prayed.

"2. The Statutes of this State under which said interrogatories were propounded, to-wit:' Section 406, Compiled General Laws of Florida, for 1927, provide that the failure to answer same 'shall be deemed a contempt of court'; an appeal from said order requiring said Hays to answer said interrogatories will be ineffective for the reason that said appeal can only be prosecuted from the final judgment in said cause, and by' that time the discovery sought by said interrogatories and granted by said order will have been obtained by said judgment plaintiff.

"3. Said Section 4406, Compiled General Laws of Florida for 1927, does not contemplate either that said interrogatories may be propounded to a garnishee, or that the party to whom they are propounded may be required to attach written instruments to the answers to said interrogatories, as in and by said order of said Judge Barns, the garnishee herein, is required to do; and your petitioners suggest that said Judge Barns, in and about the enforcement of his said order is about to exceed the jurisdiction of said Circuit Court, and usurp jurisdiction not vested in said Court.

"4. Further, it appears from the interrogatories pro-

pounded to said Hays that said judgment plaintiff is attempting to proceed in garnishment to obtain from said garnishee the proceeds of a policy of automobile liability indemnity insurance, purported to have been issued by said garnishee to said judgment defendant, whereas garnishment proceedings can not be used to effecutate such purpose, and said Judge Barns is therefore without jurisdiction to proceed against said garnishee in the premises.

"And Petitioner prays for the issuance of a Writ of Prohibition herein and for other relief.

"Now THEREFORE, You, Paul D. Barns, as Judge of the Circuit Court of the Eleventh Judicial Circuit of Florida in and for Dade County, and Clarence L. Vliet, are hereby commanded to show cause, if any you have, on the 4th day of December, A. D. 1934, at 10:00 o'clock in the forenoon thereof before this Court why a writ of prohibition should not be issued as prayed and until such time and thereafter until the further order of this Court herein you are hereby directed and commanded to proceed no further in the cause hereinabove referred to.

"WITNESS the Honorable FRED H. DAVIS, Chief Justice of the Supreme Court and the seal of the Supreme Court at Tallahassee, Florida, this 21st day of November, 1934.

G. T. WHITFIELD,

"(Court Seal) *"Clerk Supreme Court of Florida."*

To said rule the following return was filed by the Respondent Circuit Judge:

"Comes now the respondent in the above styled and entitled cause and for answer to the rule to show cause says:

"1. That a garnishee-defendant is subject to being interrogated pursuant to Section 4406, Compiled General Laws of Florida (1927) in the same manner and to the same extent as any other defendant;

"2. That the petitioner here has not refused to answer any interrogatory that this Court has held to be proper pursuant to which this Court has adjudged the petitioner in contempt;

"3. That some of the 'interrogatories' complained of by petitioner are mere requests;

"Your respondent further represents unto this Court that if this respondent is in error concerning the law that there is adequate remedy by writ of error and that a prohibition by a sovereign writ of prohibition is, in view of the premises, improper.

> "PAUL D. BARNS,
> *"Circuit Judge."*

Petitioners have filed their demurrer to the foregoing return.

So the questions to be decided in this proceeding are: (1) was prohibition as a remedy properly resorted to by petitioners under the circumstances instead of invoking their remedy by writ of error? (2) If the first question be decided in the affirmative, has a cause for the issuance of a writ of prohibition absolute been made to appear on the face of the proceedings?

As to the first question, we think prohibition was properly invoked as a remedy for the situation complained of. Even in cases where a court admittedly has jurisdiction of the parties and of the subject matter of a suit, relief by prohibition will be given in the suit where the Court, in the conduct of the proceedings or trial, has clearly exceeded its proper jurisdiction in some collateral matter, and the remedy by appeal or writ of error, though available after final judgment, would not be an *adequate* remedy in the premises. Crandall's Common Law Pleading, par. 473, page 664; State, *ex rel.* Brooks, v. Freeland, 103 Fla. 663,

138 Sou. Rep. 27; Joughin v. Parks, 107 Fla. 833, 147 Sou. Rep. 273; State, *ex rel.* Washburn, v. Hutchins, 101 Fla. 773, 135 Sou. Rep. 298; State, *ex rel.* Knott, v. Wilmer, 102 Fla. 64, 135 Sou. Rep. 859.

As to the second question, we are of the opinion that Section 4406 C. G. L., 2734 R. G. S., is a remedial statute of discovery applicable to garnishment proceedings as well as to ordinary actions at law, the words of the statute itself being that it shall be applicable in "all" causes in any of the Courts of this State. Therefore the Circuit Judge did not usurp jurisdiction in a collateral matter respecting the application of said Section 4406 C. G. L., *supra,* to the pending garnishment proceeding, because said Section 4406 C. G. L. is, as has been just stated, not wholly inapplicable to garnishment proceedings, as petitioner in prohibition contends as the basis for his writ of prohibition.

Whether or not the Circuit Court committed reversible error in some of his rulings on the exceptions as to the interrogatories propounded, some of which he sustained and some of which he overruled, is a question to be presented on writ of error to the judgment whereon the rulings may be assigned as error, if in law determinable to be wrong. The Court having jurisdiction of the main cause (the garnishment proceeding) and of the collateral matter (the interrogatories and discovery proceeding incident to the garnishment) undoubtedly has *jurisdiction* to commit error in either phase of the proceeding, and neither exceeds nor departs from its lawful judicial powers in the premises in so doing, although its judgment may be subject to posterior avoidance and reversal therefor on a writ of error and assignments of error challenging it as having been erroneously arrived at and entered.

Demurrer to respondent's return overruled.

348

Whitfield, C. J., and Terrell, Brown, Buford and Davis, J. J., concur.