J. E. PEACOCK, County Judge of Volusia County, and J. L. ROBINSON, as Executor of the Last Will and Testament of LILLIE M. KASSERMAN, Deceased, v. LON MILLER, as Executor of the Last Will and Testament of LILLIE M. KASSERMAN, Deceased.

166 So. 212.
Division A.
Opinion Filed February 28, 1936.

*B. F. Brass,* and *Jennings & Watts,* for Plaintiffs in Error.

*J. V. Walton* and *H. E. Couchman,* for Defendant in Error.

BROWN, J.—This cause is before us on a writ of error to a judgment of the Circuit Court for Volusia County awarding an absolute writ of prohibition against the county judge of that county, and also upon a motion to vacate or modify an order granting supersedeas pending decision by this court.

In 50 C. J. 714, it is said: "A writ of supersedeas may be issued on appeal from the grant of prohibition, but not on appeal from a judgment denying a writ of prohibition." There was no error committed by this court in granting the supersedeas. Hughes v. Blanton, 120 Fla. 446, 162 Sou. 914. And in West's Drug Store v. Cornelius, 108 Fla. 509, 146 So. 554, it was held that the Circuit Court, which had issued the *rule nisi* in prohibition but had rendered a final judgment denying the writ absolute, could grant supersedeas pending writ of error to such final judgment, which supersedeas had the effect of holding in force the statutory supersedeas which went into operation when the rule to show cause in prohibition case was ordered to issue to arrest the progress of the suit being heard by the County Judge.

As to the motion to modify our order granting supersedeas, it is not necessary for us to rule thereon, as the cause on writ of error is now at issue the time for the filing of any further briefs having expired, and we are ready to dispose of the case. Without prolonging this opinion by

detailing the allegations of the writ and pleadings in the court below, our conclusion is that the judgment of the Circuit Court must be reversed upon the authority of Sherlock v. City of Jacksonville, 17 Fla. 93; State v. Smith, 32 Fla. 476, 14 So. 43; State, ex rel. v. Hocker, 33 Fla. 283, 14 So. 586; State v. Malone, 40 Fla. 129, 23 So. 574; State v. White, 40 Fla. 297, 24 So. 160; State ex rel. Burr, v. Whitney, 66 Fla. 24, 63 So. 299; State v. R. R. Commissioners, 79 Fla. 526, 84 So. 444; Seaboard Realty Co. v. Seaboard All-Fla. R. Co., 91 Fla. 670, 108 So. 675; Malone v. Meres, 91 Fla. 709, 109 So. 677; Curtis v. Albritton, 111 Fla. 853, 132 So. 677; Grill v. State Road Dept., 96 Fla. 110, 117 So. 795; State v. Barns, 121 Fla. 341, 163 So. 715; 50 C. J. 676; State, ex rel. v. Drumwright, 116 Fla. 496, 156 So. 821. Prohibition does not lie to prevent, or correct the commission of errors, on the part of a court that is proceeding within the scope of its jurisdiction. While we do not mean to intimate any opinion on the question of whether the County Judge was right or wrong in the rulings he had made, or would likely make, pertaining to the legal effect of the will which had been probated in another state and which purported to revoke a will which had been probated in this State, the questions presented had to be ruled on by him in connection with the petition for the admission to record and probate of an exemplified copy of the foreign will and the issuance to the non-resident executor named therein of ancillary letters testamentary, and for the revocation of the prior will which the same court had already admitted to probate, which petition was resisted by the resident executor of the prior will. The County Judge's jurisdiction had been invoked by the party who sought to prevent him from ruling on the questions which arose upon the trial

of the cause. That jurisdiction still existed. There was no ground for writ of prohibition.

Reversed.

WHITFIELD, C. J., and DAVIS, J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.