STATE ex rel. WILLIAM SCHWARZ v. THE HONORABLE DAVID J. HEFFERNAN, THE HONORABLE ROSS WILLIAMS, as Judges of the Civil Court of Record, Dade County, THE HONORABLE W. CECIL WATSON, as Clerk of the Civil Court of Record, Dade County, and THE MIAMI BEACH RAILWAY COMPANY.

194 So. 313
Division B
Opinion Filed February 27, 1940
Rehearing Denied March 14, 1940

138

*Roland W. Granat,* for Plaintiff in Error;
*Knight & Green,* for Defendants in Error.

CHAPMAN, J.—This case is before the Court on a writ of error to a final judgment entered by the Circuit Court of Dade County, Florida, sustaining a demurrer to and dismissing a proceeding in prohibition. The suggestion for a writ of prohibition presented the question of the legal sufficiency of nine items of costs in the form of a cost bill in the total sum of $78.75 approved or allowed and judgment entered therefor by the Honorable David J. Heffernan, a Judge of the Civil Court of Record of Dade

County, Florida, as lawful costs when plaintiff in error elected to take a non suit in the case of William Schwarz v. Miami Beach Railway Company then pending in the Civil Court of Record of Dade County. The power of the Judge of the Civil Court of Record to enter the judgment for costs is authorized by Section 4673 and 4675 C. G. L.

We have presented at the threshold of this case the question of whether the remedy of obtaining a review on the part of the plaintiff in error is by prohibition proceedings or by writ of error from the final judgment entered by the Civil Court of Record to the Circuit Court of Dade County. If the proceedings in prohibition as originated in the Circuit of Dade County in this cause and brought to this Court by writ of error is the proper remedy, then the inquiry and determination of the nine items of costs may be decided by this Court, but if an *appeal* from the final judgment entered by the Civil Court of Record is the proper remedy, then the final judgment appealed from must by this Court be affirmed.

Section 4673 C. G. L. provides that the Clerks of the several courts or the judges, shall tax costs accruing in each case. It is contended by counsel for plaintiff in error that certain of the nine items of costs composing the judgment for $78.75 did not appear in the record and files of the Court and should have been fully established or proven by competent testimony given before the Judge of the Civil Court of Record and written notice of the said hearing and proceeding should have been served on counsel of record for the party against whom the judgment was sought.

The prayer of the petition for a writ of prohibition seeks to prohibit the Judges and Clerk of the Civil Court of Record of Dade County, and the Miami Beach Railway Company, from exercising or attempting to exercise jurisdiction by reason of the award of costs in the judgment of non suit

and prohibiting the Judges thereof from allowing the award of costs as expressed in the judgment of non suit from affecting in any manner any subsequent suit between the parties upon the same cause of action, the order of non suit as entered in the Civil Court of Record being conditioned on the payment by the plaintiff in error of the costs so taxed.

It is fundamental that prohibition does not lie to correct errors of a court which is acting within its jurisdiction, although proceeding improperly in the exercise of its jurisdiction. Prohibition cannot be used to supersede the functions of an appeal or writ of error unless authorized by statute. Likewise, where the existence of jurisdiction depends on controverted facts which the inferior court has the jurisdiction to determine and in the exercise of this jurisdiction errs, the remedy is by an appeal or writ of error and prohibition cannot be used as a substitute. See 50 C. J., par. 43, pages 677-8. Prohibition lies only when a court is without jurisdiction or is attempting to act in excess of jurisdiction and then only when there is no other adequate remedy. See Crill v. State Road Department, 96 Fla. 110, 117 So. 795. When the court has jurisdiction and is not attempting to exceed such jurisdiction, prohibition will be denied. It does not lie to prevent the commission of errors on the part of a court that is proceeding within the scope of its jurisdiction. See Jacques v. Blanton, 133 Fla. 479, 182 So. 778; Peacock v. Miller, 123 Fla. 97, 166 So. 212; Sherlock v. City of Jacksonville, 17 Fla. 93; State v. Smith, 32 Fla. 476, 14 So. 43; State ex rel. Floral City Phos. Co. v. Hocker, 33 Fla. 283, 14 So. 586; State v. Malone, 40 Fla. 129, 23 So. 574; State v. White, 40 Fla. 297, 24 So. 160; State ex rel. Burr v. Whitney, 66 Fla. 24, 63 So. 299; State v. Railroad Commissioners, 79 Fla. 526, 84 So. 444; Seaboard Realty Co. v. Seaboard

All Florida R. Co., 91 Fla. 670, 108 So. 675; Malone v. Meres, 91 Fla. 709, 109 So. 677; Curtis v. Albritton, 111 Fla. 853, 132 So. 677; State v. Barnes, 121 Fla. 341, 163 So. 715; State *ex rel.* Cacciatore v. Drumwright, 116 Fla. 496, 156 So. 821.

Section 4673, *supra,* granted the power to the Judge of the Civil Court of Record to tax costs accruing in cases tried therein, and Section 4675 C. G. L. authorizes costs to be entered in the judgment in all cases where the party recovers a judgment. A final judgment is reviewed in this Court on writ of error. There is a presumption of law of the correctness of the ruling of the lower court and the burden is on the party resorting to this Court to make error clearly to appear.

We fail to find error in the record and the judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.