CARROLL, DONALD, Judge.
In an original proceeding in this court the relator on June 24, 1958, filed a suggestion for writ of prohibition directed to the Honorable R. H. Rowe, as Judge of the Circuit Court of the Third Judicial Circuit for Taylor County, Florida, and for grounds for the issuance of the writ allege that the relator Carmichael, as mayor of the town of Perry, Florida, on May 23, 1958, filed in said Circuit Court his complaint for a declaratory decree against the members of the town council of Perry and against the city clerk of the town and one Hamby; that on June 6th Carmichael applied to the Honorable Hal W. Adams, a judge of the said court, for an order allowing the plaintiff in that case to take a deposition within twenty days after the commencement of the action, and that Judge Adams on the same date granted leave to take the deposition- and thereby assumed jurisdiction to act in that cause; that subsequent to the taking of the deposition mentioned the defendants in that cause filed a motion to dismiss the complaint; that on June 19th Judge Adams set the date of the hearing on the motion to dismiss.
In their suggestion the relators further alleged that on June 21st a second complaint was filed in the Circuit Court of the Third Judicial Circuit for Taylor County in which the plaintiffs were the City of Perry, a municipal corporation, and the five members of the City Council of Perry, the defendants being the relator Carmichael and six other persons who, to- *136 gcther with Carmichael, are the relators in the present prohibition proceeding; that without notice to any of the defendants in this second suit, a hearing was held before the respondent, Judge Rowe, on June 21st whereupon Judge Rowe entered an order directing that this cause be set for hearing in Perry on June 25th on the plaintiffs’ prayer for temporary relief, in which the plaintiffs asked for a temporary restraining order enjoining the defendants (those other than Carmichael) from further holding themselves out as police officers of Perry, directing said defendants to return to the city all property and personal effects owned by the city, enjoining them from prosecuting any claim against the city for compensation allegedly due them as police officers, and enjoining Carmichael from taking any further action in appointing or suspending any persons as police officers of the city pending final determination of the suit.
In their suggestion for a writ of prohibition the relators further allege that the two suits raised but one major issue and matters ancillary thereto, which issue and matters were identical in both complaints; that Judge Adams had assumed jurisdiction of the controversy prior to the institution of the second suit, and that he, as a matter of law, should be allowed to complete the disposition of the cause; that the hearing set by Judge Rowe for June 25th would effectively divest Judge Adams of jurisdiction to determine the controversy.
An examination of the complaints in the two suits reveals that they are similar in some respects and dissimilar in others. There can be no doubt that the main determination sought in both suits is a judicial declaration as to whether the mayor of Perry or its city council has the legal power to appoint and suspend the police force of that city. The statements of the factual situation giving rise to the controversy, however, are quite differently stated m the two complaints, and it would serve no useful purpose in this proceeding to detail the particulars of these differences. In the second complaint the plaintiffs made reference to the first suit for a declaratory decree.
The record before us fails to show that the relators, the defendants in the second suit, or any of them, filed any formal objection before Judge Rowe, such as in a motion to dismiss, to his assuming jurisdiction over the second suit.
Upon consideration of the record in this prohibition proceeding; we are of the opinion that the suggestion fails to state a prima facie case for the issuance of a writ of prohibition or a rule to show cause. In the first place, a writ of prohibition may be issued by a higher court only where it is affirmatively shown that a lower court is without jurisdiction or is attempting to act in excess of its jurisdiction. State ex rel. Schwarz v. Heffernan, 142 Fla. 137, 194 So. 313; Jacques v. Blanton, 133 Fla. 479, 182 So. 778.
A writ of prohibition pertains to the jurisdiction of a court, as distinguished from the jurisdiction of a particular judge of a court. In the present case, both Judge Adams and Judge Rowe are judges of the Circuit Court for the Third Judicial Circuit for Taylor County, Florida and have equal power and jurisdiction. In circuits having two or more circuit judges, it is no doubt true that the orderly and efficient administration of justice might sometimes suggest that, when any one of such judges assumes the act with respect to a particular controversy in a suit, other suits involving the same controversy might well be consolidated with the first suit, or the various suits heard or tried together, but this would not be a question of jurisdiction.
In the present proceeding the suggestion also fails to state a prima facie case in that it fails to show that the contended want of jurisdiction was formally raised before the lower court as a predicate to the filing of the suggestion to prohibit the *137 lower court’s action. See State v. Atkinson, 102 Fla. 1092, 136 So. 723, and State v. Wright, 98 Fla. 461, 124 So. 18.
There are other cumulative reasons for holding the suggestion insufficient. In addition to a considerable number of differences in the complaints in the two suits, as discussed above, the parties in the two suits were different. In the first suit Carmichael was the sole plaintiff, and the defendants were the members of the city-council, the city clerk, and Hamby. In the second suit the plaintiffs were the City of Perry and the members of the city council, while the defendants were Carmichael and six others who had, as alleged in the second complaint, being employed by Carmichael as special police officers.
Therefore, the relators’ suggestion for a writ of prohibition is insufficient and must be and is denied.
STURGIS, C. J., and WIGGINTON, J., concur.