# Third District Court of Appeal

## State of Florida

Opinion filed June 17, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D14-2873 & 3D14-2872
Lower Tribunal No. 12-23596

_____

**Aurora Bank, etc., et al.,**
Petitioners,

vs.

**Saul Cimbler and Florida Mediation, LLC,**
Respondents.

A Writ of Certiorari and a Case of Original Jurisdiction-- Prohibition, to the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Rumberger, Kirk & Caldwell, and Suzanne Barto Hill, Candy L. Messersmith and Kevin R. Gowen (Orlando), for petitioners.

Thomas P. Murphy, for respondents.

Before ROTHENBERG, FERNANDEZ and SCALES, JJ.

SCALES, J.

On this bizarre set of facts, Aurora Bank n/k/a Nationstar Mortgage, petitioner here and plaintiff below ("the Bank"), seeks both (i) certiorari review of the trial court's order compelling discovery, and (ii) a writ of prohibition seeking to prohibit the trial court from further exercising its jurisdiction over this case and imposing sanctions against the Bank and its counsel. We consolidated the Bank's two petitions, and, for the reasons expressed below, grant both petitions.

## I.      Background Facts

In June 2012, the Bank filed a foreclosure action against defendant Zenaida Hechevarria Otamendi.  Throughout the litigation, the Bank was represented by the law firm of Ronald R. Wolfe & Associates, P.L. ("the Wolfe Law Firm").

On April 16, 2014, the trial court ordered the parties to mediation. The defendant suggested the parties use Saul Cimbler, a Florida Supreme Court certified circuit-civil mediator. Mr. Cimbler is the president of Florida Mediation & Arbitration, LLC ("Florida Mediation") (throughout this opinion, Mr. Cimbler and Florida Mediation are collectively referred to as "Mr. Cimbler"). The defendant's counsel contacted Mr. Cimbler to arrange the mediation, and, on April 23, 2014, Mr. Cimbler served the parties with a Notice of Mediation. The notice scheduled the mediation for April 29, 2014, at 2:00 p.m.

In an email dated April 24, 2014 (from the Wolfe Law Firm to the defendant), the Bank objected to using Mr. Cimbler as a mediator. The parties agreed to use an alternate mediator.

Apparently, Mr. Cimbler was not timely notified that his mediation services would not be necessary. Consequently, on April 29, 2014, Mr. Cimbler filed a Motion for Sanctions pursuant to Florida Rule of Civil Procedure 1.720(f) ("First Motion for Sanctions"). Mr. Cimbler's motion requested that the trial court impose sanctions against the Bank's counsel (the Wolfe Law Firm) for what Mr. Cimbler characterized as the Bank's unilateral cancellation of the scheduled mediation "for tactical or other internal reasons." Mr. Cimbler sought the cost of the canceled mediation and collection fees.

On April 30, 2014, the trial court conducted a hearing on Mr. Cimbler's First Motion for Sanctions.[1] The trial court granted the First Motion for Sanctions and ordered the Wolfe Law Firm to pay Mr. Cimbler $1,250 for "the cost of the cancelled mediation and costs of bringing this matter before the court . . . ." ("the First Sanctions Order").

The Bank (through its counsel) filed a timely motion for rehearing of the First Sanctions Order, arguing that it did not unilaterally cancel the mediation for

---

[1] Apparently a hearing was previously set for April 30, 2014, on defendant's motion to dismiss. Mr. Cimbler noticed his April 29, 2014 First Motion for Sanctions to be heard at the same time.

tactical or internal reasons. The Bank argued: (i) the mediation was not set by agreement of the parties; (ii) the Bank promptly objected to using Mr. Cimbler as a mediator; (iii) the defendant agreed to use an alternate mediator; (iv) the mediation was canceled by the defendant; and (v) the First Motion for Sanctions was improperly filed by Mr. Cimbler because Mr. Cimbler is not eligible to practice law and is therefore not qualified to appear on behalf of Florida Mediation.

In response to the Bank's motion for rehearing, Mr. Cimbler filed a Second Motion for Sanctions in which Mr. Cimbler also requested a "judicial inquiry" ("Second Motion for Sanctions and Request for Judicial Inquiry"). In this motion, Mr. Cimbler requested that the trial court "conduct a judicial inquiry to establish the existence of, or pattern by the Wolfe Law Firm of prior instances of similar conduct impacting the orderly administration of justice and to met [sic] out the sanctions commensurate with its findings."

Mr. Cimbler then propounded two sets of interrogatories and two sets of requests for production directed at the Bank and the Wolfe Law Firm. In these discovery requests, Mr. Cimbler sought, inter alia: (i) information and documents related to the Bank's motion for rehearing; (ii) information and documents relating to the Bank's or the Wolfe Law Firm's internal process for selecting and retaining mediators for the past five years; (iii) a specific reason why the Bank or the Wolfe Law Firm decided to exclude Mr. Cimbler from mediating this action; and (iv) for

4

the past five years, each date, case number, and person involved in preventing Mr. Cimbler from being engaged or retained as a mediator in any case involving the Bank or the Wolfe Law Firm.

The Bank (through its counsel) moved for protective orders asserting that the discovery requests were improper as Mr. Cimbler was not a party to the action. The motions for protective orders further argued that the requested information was irrelevant, confidential, or privileged. The trial court deferred ruling on the motions for protective orders.

Meanwhile, Mr. Cimbler filed a Motion to Intervene in the foreclosure case, requesting that the trial court permit him to intervene in the action for purposes of propounding discovery.

On July 31, 2014, the trial court conducted a hearing on Mr. Cimbler's Motion to Intervene and the Bank's motions for protective orders. The trial court granted Mr. Cimbler's Motion to Intervene "for purposes of discovery[,]" and without addressing the Bank's privilege objections, denied the Bank's motions for protective orders.

On September 3, 2014, a consent final judgment was entered in the underlying foreclosure case, ending the litigation between the Bank and the defendant.

On September 19, 2014, the Bank filed a notice of withdrawal of its motion for rehearing of the First Sanctions Order, believing that such withdrawal would end any need for further judicial labor of this case.

On September 19, 2014, the trial court conducted a hearing on Mr. Cimbler's Second Motion for Sanctions and Request for Judicial Inquiry (that was filed in response to the Bank's motion for rehearing of the First Sanctions Order). The trial court ordered that the issues of sanctions and judicial inquiry be tolled until responses to the discovery were provided. The order compelled discovery responses to be served no later than September 29, 2014.

Thereafter, on September 26, 2014, the Bank provided some, but not all, of the requested discovery. Regarding the information it did not provide, the Bank asserted: (i) the issues were moot because the Bank's motion for rehearing was withdrawn; (ii) the requested material was irrelevant to any issue in the case; and (iii) the non-disclosed material was protected by the attorney-client privilege and work product doctrine.

Again, hoping that the judicial labor being extended on this matter would cease, on October 23, 2014, the Wolfe Law Firm submitted a check in the amount of $1,250 into the registry of the Miami-Dade Clerk of Court. This amount represented the mediation fee and other costs that the trial court had determined were due to Mr. Cimbler in its First Sanctions Order.

6

Not satisfied with the Bank's discovery responses, Mr. Cimbler filed a Third Motion for Sanctions on October 31, 2014. On November 6, 2014, the trial court conducted a hearing on Mr. Cimbler's Third Motion for Sanctions; and on November 8, 2014, the trial court entered an order requiring the Bank to pay to Mr. Cimbler $2,000 in attorney's fees (in addition to the $1,250 the Bank had deposited into the court registry) ("the Third Sanctions Order"). Addressing the Bank's privilege objections for the first time, the trial court determined that the Bank waived any claims of privilege and ordered full and complete discovery responses to be served within twenty days. In the event the Bank and the Wolfe Law Firm did not provide full and complete discovery, the Third Sanctions Order provided:

> this Order shall, without further hearing, issue a Rule to Show Cause why [the Bank and the Wolfe Law Firm] should not be held in Civil Contempt of this Court, with the hearing to be held . . . on **DECEMBER 3, 2014**. . . . [Mr. Cimbler's] filing of a verified Notice stating that discovery and monetary sanctions were not fully and completely satisfied, will invoke the terms of this Rule to Show Cause.

The Bank subsequently paid Mr. Cimbler $1,284.17 per the First Sanctions Order (i.e., $1,250 plus accrued interest) and $2,000 per the Third Sanctions Order.

On December 1, 2014, the Bank filed with this Court the instant petition for writ of certiorari (case no. 3D14-2872) and petition for writ of prohibition (case no. 3D14-2873). On December 3, 2014, we consolidated the two petitions.

7

On December 2, 2014, Mr. Cimbler filed, with the trial court, a notice of the Bank's failure to comply with the Third Sanctions Order. In his notice, Mr. Cimbler sought invocation of the rule to show cause hearing (outlined in the trial court's Third Sanctions Order) scheduled for December 3, 2014.

On December 2, 2014, the trial court granted a temporary stay pending further order of the trial court. Later that same day, this Court stayed all proceedings below.

**II.    Standard of Review**

In order for us to issue a writ of certiorari quashing a discovery order, we must determine that the trial court departed from the essential requirements of law, resulting in irreparable injury that is not remedial on plenary appeal. See, e.g., Allstate Ins. Co. v. Langston, 655 So. 2d 91, 94 (Fla. 1995).

In order for us to issue a writ of prohibition, we must determine that the trial court is unlawfully acting in excess of its jurisdiction. See, e.g., Panagakos v. Laufer, 779 So. 2d 296, 297 (Fla. 2d DCA 1999).

**III.   Analysis**

*A. Writ of Certiorari*

We begin our analysis by reciting the definition of mediation, found in Florida Rule for Certified and Court-Appointed Mediators 10.210:

> Mediation is the process whereby a **neutral and impartial** third person acts to encourage and facilitate the resolution of a dispute

without prescribing what it should be. It is an informal and **non-adversarial** process intended to help disputing parties reach a mutually acceptable agreement.

(emphasis added).

Mediators are expected to conduct mediation conferences with competence, impartiality, neutrality, patience, courtesy, dignity, objectivity, and confidentiality. See Fla. R. Med. 10.330, 10.350, 10.360.

Self-determination is at the core of mediation. Fla. R. Med. 10.230(a), 10.310(a). Mediation is about the **parties**—not the jury, not the judge, not the mediator, not anyone else—determining the outcome of the case.

Implicit in mediation's self-determination process is the ability of the parties to select a mediator who will facilitate the mediation process. See Fla. R. Civ. P. 1.720(j), committee notes ("The concept of self-determination in mediation . . . contemplates the parties' free choice in . . . those who are to participate.").

The selection of the right mediator is critically important to the mediation process; indeed, if a party, for any reason, or no reason at all, is not comfortable with a particular mediator, the mediation process is susceptible to failure.[2]

---

[2] Only when the parties themselves cannot agree upon a mediator, does the trial court involve itself in mediator selection; and even then, the trial court is required to select a mediator by rotation or pursuant to procedures promulgated by the circuit's chief judge. See Fla. R. Civ. P. 1.720(j)(2).

The record reflects that the Bank promptly objected to Mr. Cimbler mediating this case. It was unfortunate that Mr. Cimbler apparently was not notified timely that his services would not be necessary.

We do not quarrel with the trial court's decision to award Mr. Cimbler the $1,250 that Mr. Cimbler sought as a monetary sanction for not being notified timely of the cancellation. Nor do we quarrel with the factual finding apparently made by the trial court that the Bank was responsible for not timely notifying Mr. Cimbler of the cancellation. Indeed, Florida Rule of Civil Procedure 1.720(f), expressly authorizes the trial court to award sanctions upon a determination that a party has failed to appear at a duly noticed mediation conference without good cause.[3]

Virtually every other action undertaken by the trial court regarding the dispute between the Bank, its counsel, and Mr. Cimbler, however, constitutes a departure from the essential requirements of law.

It was error to allow Mr. Cimbler—who was not selected to mediate the case—to intervene in the case.

It was error for the trial court to entertain the idea of conducting a "judicial inquiry" into why the Bank or the Wolfe Law Firm may have objected to Mr. Cimbler mediating the case.

_____

[3] Plus, the Bank does not seek a refund of these funds.

10

It was error to allow Mr. Cimbler to propound discovery on the Bank and the Wolfe Law Firm as to why certain mediators are selected and why others are objected to.

It was error to deny the motions for protective order that challenged the propriety of having to turn over confidential, privileged documents relating to the Bank's or the Wolfe Law Firm's selection of mediators.

It was error to sanction the Bank and the Wolfe Law Firm for not responding to Mr. Cimbler's discovery.

Each of these judicial acts, manifested and encompassed within the Third Sanctions Order, constitutes a departure from the essential requirements of law, irreparably harming the Bank and the Wolfe Law Firm, for which no remedy would be available on plenary appeal.

We grant the petition for writ of certiorari and quash the Third Sanctions Order. Because only certiorari, and no monetary, relief was sought as it relates to the Third Sanctions Order, we limit our certiorari relief to quashing this order.

*B. Writ of Prohibition*

The parties to the underlying foreclosure action resolved the main issues in the case and the trial court entered its final judgment on September 3, 2014.

"The rule is firmly established in this State that the trial [c]ourt loses jurisdiction of a cause after a judgment or final decree has been entered and the

11

time for filing [a] petition for rehearing or [a] motion for new trial has expired or same been denied." Liberty Ins. Corp. v. Milne, 98 So. 3d 613, 615 (Fla. 4th DCA 2012) (quoting State ex rel. Am. Home Ins. Co. v. Seay, 355 So. 2d 822, 824 (Fla. 4th DCA 1978)).

While it is true that, generally, a trial court retains jurisdiction over the parties to enforce its previously entered orders, by virtue of our granting the Bank's petition for writ of certiorari, no further orders remain to be enforced; there remains no further judicial labor for the trial court in this case. See, e.g., Huml v. Collins, 739 So. 2d 633, 634 (Fla. 3d DCA 1999) ("It is axiomatic that a trial court always has the inherent jurisdiction to enforce its previously entered orders.").[4]

_____

[4] The instant final judgment included the following reservation of jurisdiction clause:

> Jurisdiction of this action is retained to enter further orders that are proper including, without limitation, a supplemental complaint to add an omitted party or remedy other defects post-judgment, an order determining the amount of assessments owed to any condominium or homeowners association, and the entry of a deficiency judgment, if Plaintiff is not limited to in rem stay relief in an active bankruptcy case and/or if borrower(s) has not been discharged in bankruptcy or collectively served, together with additional attorney's fees, if appropriate.

(emphasis in original). However, continuing to exercise jurisdiction over the case for the purpose of compelling a nonparty mediator's discovery requests was an improper and unlawful exercise of the trial court's jurisdiction for which relief by prohibition is proper. See State ex rel. Am. Fire & Cas. Co. v. Barns, 163 So. 715, 717 (Fla. 1935) ("[R]elief by prohibition will be given in the suit where the court, in the conduct of the proceedings or trial, has clearly exceeded its proper jurisdiction in some collateral matter, and the remedy by appeal or writ of error, though available after final judgment, would not be an adequate remedy . . . .").

We, therefore, grant the Bank's petition for writ of prohibition and prohibit the trial court from further exercising any jurisdiction over this matter.[5]

**IV. Conclusion**

In sum, we grant the Bank's petition for writ of certiorari and quash the Third Sanctions Order. We also grant the Bank's petition for writ of prohibition and prohibit the trial court from any further exercise of jurisdiction over this matter.

---

[5] Moreover, "prohibition will lie 'when a party is about to be cited for contempt on the basis of acts which could not constitute contempt of court.'" Eubanks v. Agner, 636 So. 2d 596, 597 (Fla. 1st DCA 1994) (quoting State ex rel. Gillham v. Phillips, 193 So. 2d 26, 29 (Fla. 2d DCA 1966)). Refusing to comply with a nonparty mediator's discovery requests directed at privileged information is not contemptuous conduct.