MARY H. HUGHES v. THE HONORABLE W. F. BLANTON, as County Judge of Dade County, FRANK C. HUGHES, *et al.*

162 So. 914.

Opinion Filed July 23, 1935.

Petition for Rehearing Denied September 2, 1935.

*Redfearn & Ferrell,* for Plaintiff in Error;

*S. J. Barco,* for Defendants in Error.

PER CURIAM.—Writ of error with supersedeas was allowed in this case to a final judgment of the Circuit Court of Dade County rendered in favor of defendants in error in a case in prohibition instituted in the Circuit Court pursuant to Sections 5450-5456 C. G. L., 3585-3591 R. G. S., to restrain the County Judge of Dade County from further entertaining or entering judgment in a lunacy proceeding instituted before him in accordance with Sections 3654-3657 C. G. L., 2308-2311 R. G. S. A motion by plaintiff in error to quash the order of the Circuit Judge granting supersedeas to his judgment was denied by this Court on the 19th day of June, 1935, on the authority of State, *ex rel.* West's Drug Stores, Inc., v. Cornelius, 108 Fla. 509, 146 Sou. Rep. 554, but in consideration of the nature of the controversy involved, the Court has advanced the hearing of the appeal for an early determination of its merits.

The petition to the County Judge for inquisition of lunacy was in form and substance as follows:

"IN THE COURT OF THE COUNTY JUDGE IN AND FOR DADE COUNTY, STATE OF FLORIDA.

"*Ex Parte:* MARY H. HUGHES, sometimes designated as MARY E. HUGHES.

"INQUISITION OF LUNACY—PETITION.

"To the Hon. W. F. Blanton, County Judge in and for the County aforesaid:

"Your petitioners would respectfully represent unto Your Honor that Mary H. Hughes, sometimes designated as Mary E. Hughes, color White, is to each of said petitioners personally known, and that said petitioners' knowledge of the mental condition of the said Mary H. Hughes, sometimes designated as Mary E. Hughes, is sufficient to justify the belief that she is insane.

"Your petitioners would further represent unto Your Honor that Mary H. Hughes, sometimes designated as Mary E. Hughes, is a resident of Dade County, State of Florida; that she is not indigent, possessing sufficient available estate for her support, and that not more than one of your petitioners are related to the said Mary H. Hughes, sometimes designated as Mary E. Hughes, whereupon, your petitioners pray that an examination may be instituted and made as provided by law. And your petitioners will ever pray, etc.,

"Dated this 21st day of January, A. D. 1935.

"Name.                          Address.
"Frank C. Hughes___303 Minorca Ave., Coral Gables, Fla.
"Edythe K. Quinn___1545 N. W. 1st St., Miami.
"E. S. Herrick_____303 Minorca Ave., Coral Gables, Fla.
"Eloise Herrick_____303 Minorca Ave., Coral Gables, Fla.
"Henry G. Pfieffer__289 Minorca Ave., Coral Gables, Fla."

Pursuant to such petition the County Judge made his order directed to Taylor Lewis, M. D., W. T. Lanier, M. D., and Chas. A. Reed, directing them to secure the presence of Mrs. Mary H. Hughes, the supposed insane person, to the end of enabling them to ascertain and report her mental and physical condition at the date of their examination of her.

On January 23, 1935, two days after the making of the order aforesaid, Mrs. Hughes, appearing by her attorneys, filed the following petition for permission to contest the charge of insanity:

"PETITION FOR PERMISSION TO CONTEST CHARGE OF INSANITY.

"Now comes Mary H. Hughes, sometimes designated as Mary E. Hughes, and presents this her petition to the court, and respectfully shows:

"I.

"Heretofore, on the 21st day of January, 1935, a petition was presented to the Honorable W. F. Blanton, Judge of this Court, praying for an examination of your petitioner for the purpose of determining whether or not she should be adjudged insane.

"II.

"Now, prior, to the rendering of a decree in this case, your petitioner applies to the court before which proceedings are pending for permission to contest the charge of insanity, and asks the court to set the case on a day certain for a hearing.

"III.

"Petitioner further shows to the court that said petition is not filed in good faith, and that at least three of the petitioners, viz., Frank C. Hughes, E. S. Herrick and Eloise Herrick, are not citizens of the State of Florida, but are citizens of Glendive, Montana. For this reason, petitioner alleges that said petition should be denied, as the same is not signed by citizens of the State of Florida, as required by the statutes, and petitioner asks the court to dismiss said petition, or inquisition, for the reasons above set forth.

"IV.

"Petitioner further shows that an order of inquisition has been issued by this court under date of January 21, 1935, to Taylor Lewis and W. T. Lanier, two practicing physicians in this county, and to Charles A. Reed, but said committee has not yet made their recommendations.

"WHEREFORE, petitioner prays that a day certain for the hearing be fixed by the court, and that after a hearing an order be entered denying said petition and discharging the order appointing a committee of inquisition in this case.

"REDFEARN & FERRELL,
"By D. H. REDFEARN,
*"Attorneys for the Petitioner."*

At the same time a demurrer to the petition for inquisition as to sanity was filed by the same attorneys appearing for Mary H. Hughes for that purpose. The grounds of the demurrer were (1) the petition for inquisition of lunacy did not disclose that it was signed as provided by Section 3654 C. G. L., 2308 R. G. S., by persons having the statutory qualifications to sign same; (2) that it set forth no cause of action against Mary H. Hughes, in accordance with the inquisition for lunacy statutes.

On January 30, 1935, a special and specific traverse of the inquisition for lunacy petition was also filed denying that the five persons who signed the petition were reputable citizens of the State of Florida and denying that said petitioners, or either of them, knew or had knowledge of Mrs. Hughes' mental condition at the time they signed the petition to justify the belief that the subject of same was insane.

On February 4, 1935, the County Judge entered the following order disposing of the foregoing:

"This cause coming on to be heard upon the petition of Mary E. Hughes for permission to contest the charge of insanity and the motion to dismiss therein contained and the special traverse of petition for jurisdictional purposes and the demurrer to petition and after argument of counsel for Mary E. Hughes, upon said motion to dismiss said petition and said traverse of. the petition for jurisdictional purposes and also the demurrer filed in said cause at the hearing and the court being advised in the premises;

"It Is ORDERED AND ADJUDGED that said motion to dismiss on the ground that said petition does not allege that the same was signed by five citizens of the State of Florida, be and it is hereby denied.

"It Is FURTHER ORDERED AND ADJUDGED that the demurrer filed to said petition on the ground that the petition does not disclose the citizenship of any of the petitioners and on the further ground that said petition does not show that it was signed by five citizens of the State of Florida, be and it is hereby overruled.

"It Is FURTHER ORDERED AND ADJUDGED that the traverse of the petition for jurisdictional purposes is hereby denied on the ground that said Mary E. Hughes at this time has no right to inquire into the proceedings for the purposes set out in said traverse for jurisdictional purposes.

"It Is FURTHER ORDERED AND ADJUDGED that the said Mary E. Hughes, sometimes known as Mary H. Hughes, has a right to contest the charge of insanity and said cause is hereby set down for hearing on the merits on Wednesday, February 6, 1935, at the hour of 10 A. M.

"DONE AND ORDERED in Miami, Florida, this February 4th, 1935."

"W. F. BLANTON,
"*County Judge.*"

As a result of the order aforesaid, proceedings were begun in the Circuit Court suggesting causes for a writ of prohibition against the County Judge in the premises, the grounds being that the face of the proceedings pending before the County Judge disclosed an absence of jurisdiction on his part to proceed with an inquisition into the supposed insanity of the subject, Mary H. Hughes. The proceedings in prohibition resulted in the issuance of a rule *nisi* which on final hearing was quashed and the proceedings in prohibition dismissed.

Our conclusion is that a petition signed by five persons in manner and form as the petition in this case was signed is sufficient on its face as a compliance with Section 3654 C. G. L., 2308 R. G. S., and that by virtue of such petition the County Judge acquired jurisdiction to proceed to an inquisition of lunacy in due course of procedure.

The statutory procedure for an inquisition as to supposed insanity was intended to be summary in its preliminary phases. It was within the County Judge's province and it was his duty to determine the sufficiency of the petition and the qualifications of the petitioners at the time it was presented to him and when he satisfied himself on that score and issued his order for the appointment of a lunacy commission predicated upon such petition, the petition itself, like a petition for a writ of mandamus after an alternative writ is granted on it, passed out of the case and was no longer open to question.

Adequate provisions for the conservation of the legal rights of the supposed insane person are afforded by the mandatory statutory requirements that such person under investigation (Sections 3655-3657 C. G. L., 2309-2311 R. G. S.) shall be personally present at the insanity inquiry before the examining committee and shall be allowed

the privilege of contesting the findings and report of such committee when it is presented to the County Judge for his confirmation and approval. An additional safeguard is accorded the supposed insane person to invoke the remedy in chancery provided by Sections 5036-5039 C. G. L., 3230-3233 R. G. S., should he or she be dissatisfied with an unfavorable judgment rendered on the inquisition before the County Judge. *Ex parte* Scudamore, 55 Fla. 211, 46 Sou. Rep. 279.

Proceedings for inquisitions as to lunacy are statutory and *sui generis,* so the Courts of Florida can receive little aid from the construction and interpretation of statutes of foreign jurisdictions having systems of probate law variant from that of Florida.

We find no error so the judgment of the Circuit Court is affirmed.

WHITFIELD, C. J., and ELLIS, BROWN, BUFORD, and DAVIS, J. J., concur.