ROBERTS, Justice.
This cause is before the court on the motions of appellees to dismiss the appeal and to affirm the order appealed from under Rule 38 of this court, 30 F.S.A. and other motions directed to the failure of the appellant to comply with the rules of this court respecting the procedure for perfecting appeals.
The appellant, Daniel D. Campbell, was adjudicated an incompetent in proceedings initiated by his sister, Martha Campbell Freeman, under Sections 394.20 et seq., Florida Statutes 1953, F.S.A. and filed in the County Judge’s Court of Dade County, Florida. Because of the absence of one county judge and disqualification of the other, the cause was heard by a circuit judge of that county under assignment by the Senior Circuit Judge. As noted, an order adjudging Daniel D. Campbell to be incompetent was entered by the circuit judge. Daniel appealed this order to the Circuit Court of Dade County. The appel ■ *546 lee, the, Administrator of Veterans’ Affairs (who was a party in interest under Section 293.20, Fla.Stat.19S3, F.S.A. because Daniel is a veteran of the Armed Services), filed a motion to dismiss the appeal to the Circuit Court on two grounds: (1) that an adjudication of incompetency under Sections 394.20 et seq. is a non-appealable judgment, and (2) that, even if appealable, the appeal should have been to the Supreme Court for the reason that the circuit judge who heard the cause did so in his capacity as circuit judge and not as a substitute for the county judge. The motion was granted on the first ground stated therein and also bp-cause, as stated in the order of dismissal, “even if the order were appealable there is enough evidence to sustain the findings of the Circuit Judge declaring the said Daniel D. ' Campbell incompetent.” It is this order of dismissal that Daniel has brought to this court for review. We consider the appeal as a petition for cer-tiorari under the provision of Section 59.45, Fla.Stat.1953, F.S.A.
In support of his motion to dismiss the instant appeal, the appellee argues that the decision of this court in Hughes v. Blanton, 120 Fla. 446, 162 So. 914, 916, indicates that there is no appeal from an adjudication of incompetency. In that case, we were concerned with an appeal from an order of a circuit court entered in prohibition proceedings attacking on jurisdictional grounds a petition for an adjudication of insanity filed in a county judge’s court. In affirming the order quashing the rule nisi and dismissing the prohibition proceedings, we held that the petition was sufficient to invoke the jurisdiction of the county judge to proceed with a hearing on such petition. By way of dictum, it was said:
“Adequate provisions for the conservation of the legal rights of the supposed insane person are afforded by the mandatory statutory requirements that such person under investigation * * * shall be personally present at the insanity inquiry before the examining committee and shall be allowed the privilege of contesting the findings and report of such committee when it is presented to the county judge for his confirmation and approval. An additional safeguard is accorded the supposed insane person to invoke the remedy in chancery provided by sections 5036-5039, C.G.L. [F.S.A. §§ 62.32-62.35] * * * should he or she be dissatisfied with an unfavorable judgment rendered on the inquisition before the county judge. Ex parte Scudamore, 55 Fla. 211, 46 So. 279.”
In Ex parte Scudamore, 1908, supra, the court was concerned with an attack in habeas corpus proceedings upon the constitutionality of the original Act, Sections 1200 et seq., Gen.Stat.1906, F.S.A. § 394.20 et seq., originally enacted as Chapter 4357, Acts of 1895, upon various grounds including, among others, a charge that the Act did not provide due process of law in that an adjudication of lunacy and a commitment could be made without notice. In disposing of this contention, the court held that the Act provided for sufficient notice and, in addition (as stated in the second syllabus by the court) “Sections 1962, 1963, 1964, and 1965 of the General Statutes of 1906 [Sections 62.32 et seq., Fla.Stat.1953, F.S.A.], making provision for the filing of a bill in equity by any relative or friend of any adjudged lunatic, at any time, to have his sanity inquired into by the chancellor, and providing for his immediate release, and restoration to him of his property, if found upon such inquiry to be sane, is of itself a sufficient protection of the liberty of the subject to meet the constitutional requirements of due process of law, even though no sort of notice to the lunatic was given in the initial proceeding by which he was so adjudged.” (Emphasis added.)
It can thus be seen that there is nothing in Ex parte Scudamore to support the conclusion, implied in the dictum quoted from Hughes v. Blanton, supra, that where a person charged with lunacy or incompetency áppears and contests the charge, he cannot appeal from an order adjudicating that he is a lunatic or incompetent. Neither *547 of these decisions is, then, controlling here.
It is also contended by appellee that, in entertaining a petition for an inquisition of lunacy, the county judge acts as a “special statutory judicial tribunal” and not as a court; and it is argued that the decision of this court in In re Palmer’s Adoption, 129 Fla. 630, 176 So. 537, Wis decisive of the question here. This contention cannot be sustained. Unlike the statutes relating to adoption proceedings which, as pointed out in In re Palmer, supra, make no reference “to any action by the circuit court as a court”, the statute in question refers to “the court” in several instances. For example, Section 394.21 (prior to its amendment by Chapter 23157, Laws 1945, and Chapter 29909, Laws 1955) provided that “in the event the committee shall find that said person is insane the person alleged to be insane shall have the right to apply to the court before whom the proceedings are had by petition for permission to contest the charge of insanity, whereupon the court shall set the case on a day certain for hearing and * * * the court shall have summoned a reasonable number of witnesses for such person * * (Emphasis added.) Chapter 29909, Laws of 1955, in the section providing for notice and hearing on a petition for an adjudication of incompetency, says that at such hearing “The court shall receive all relevant and material evidence which may be offered and shall not be bound by the rules of evidence.” In Ex parte Scudamore, supra, 46 So. 279, it was held that the Act “conferring upon county judge’s courts jurisdiction to inquire into the alleged insanity of persons” (quotation from syllabus by the court) does not violate Section 17 of article 5 of the Constitution, F.S.A. for the reason, among others, that “one of the powers usually exercised by probate courts was to commit lunatics to guardianship.” (Emphasis added.)
We hold, then, that in lunacy or incompetency proceedings the county judge is acting in his capacity as “county judge” in the exercise of judicial powers properly conferred upon such court by the Legislature under the authority of Section 17 of Article V of the constitution, Ex parte Scudamore, supra, and not as a “special statutory judicial tribunal”. This being so, his judgment adjudicating a person to be mentally incompetent is a “judgment” of the county judge’s court and is appealable to the circuit court under the provisions of Section 61.01, Fla.Stat.1953, F.S.A. That the Legislature so intended is further shown by Section 744.34, Fla.Stat.1953, F.S.A., relating to the appointment by a county judge of a guardian for an incompetent person, wherein it is specifically provided that “An order of the county judge previously adjudicating a person to be incompetent shall constitute conclusive proof of such incompetency until reversed or set aside or until the competency of such person has been restored as provided by law.” (Emphasis added.)
The appellee also contends here that, even if appealable, the judgment adjudicating Daniel to be an incompetent was appealable -only to this court, rather than to the Circuit Court. While, as noted, the order of dismissal did not specify this ground as the basis for the order, we will consider it under our settled practice to affirm a decree of the lower court, even though based on an erroneous ground, if its result is justified on any other ground appearing in the record. Haas v. Crisp Realty Co., Fla.1953, 65 So.2d 765.
The appellee contends that a decision on this question is controlled by In re Starr’s Estate, 1936, 125 Fla. 536, 170 So. 620, 622. We held there that a Circuit Judge who heard a contested wills case in the stead of a disqualified Probate Judge “was acting in the capacity of circuit judge when he took jurisdiction of the cause, instead of as a substitute county judge * * *” so that his order in the cause was appealable to this court 'rather than to the Circuit Court. The statute applicable at the time of the Starr decision was Section 5199, C.G.L.1927 (originally enacted as Ch. 154, Acts of 1848, and now appearing in a slightly amended form as Section 36.16, Fla. *548 Stat.1953, F.S.A.) providing that “The judge of the circuit court, in case of the disqualification, absence, sickness or other disability of a county judge, is authorized to discharge all the duties appertaining to said judge in regard to the probate of wills, granting letters testamentary and letters of administration, appointing curators and guardians, * * But see Section 732.-15, Fla.Stat.1953, F.S.A. [Section 52 of Chapter -16103, the Probate Act of 1933] specifically providing that an appeal from an order of a circuit judge sitting for an absent or disqualified probate judge shall be to the circuit court and from the circuit court to the supreme court, and In re Wilkins’ Estate, 1937, 128 Fla. 273, 174 So. 412.
Regardless of the propriety of the ruling In re Starr, supra, as to the judicial “duties” specifically referred to therein (and which, it should be noted, do not include adjudication of insanity or incompetency) we do not think it is controlling of the question here, for the reasons hereafter stated.
Until 1945, the statute relating to adjudications of lunacy, Sections 394.20 et seq., Fla.Stat.1953, F.S.A. (originally enacted as Ch. 4357, Acts of 1895) provided for concurrent jurisdiction of lunacy inquisitions by a county judge’s court or the circuit court. But in 1945, the Legislature enacted Chapter 23157, Laws of Florida, Acts of 1945, entitled “An Act Amending, Revising and Modernizing Sections 394.20, 394.21, 394.22 and 394.23, Florida Statutes, 1941, and Pertaining to the Adjudication of Persons Mentally or Physically Incompetent * * * ”, by which the County Judge’s Court was given jurisdiction of proceedings for the adjudication of incompetency, as well as lunacy; Sections 394.20 et seq. were amended to provide for the filing of a petition for an adjudication of lunacy or incompetency before a county judge “or in his absence or disability, the judge of the circuit court in the county in which said petition is submitted * * * ”; and Chapter 746, Fla. Stat.1941, as amended in 1943, F.S.A., providing for an'adjudication of incompetency and the appointment of a curator for an incompetent person by a circuit court was expressly repealed. It was also provided in Chapter 23157, supra, that “After the judgment adjudicating a person to be mentally incompetent is filed in the office of the county judge, such person shall be presumed to be incapable, for the duration of such in competency, of managing his own affairs * * *. The ,filing of said judgment shall be notice of such incapacity.” (Emphasis added.)
We think it was the clear intent, of the Legislature, in enacting Chapter 23157, supra, to require that all original proceedings for the adjudication of incompetency or lunacy be brought in a county, judge’s court, so that an interested person would be required to search the records of this one court, only, in order to determine the competency status of a person; and that the order of a circuit judge, sitting in an incompetency proceeding in the place of an absent or disqualified county judge, is the order of the County Judge’s Court in which such proceedings are initiated — just as the order of the circuit judge sitting for an absent or disqualified probate judge in probate matters is the order of the Probate Court in which such will is being probated.
We hold, then, that when a petition is filed in a County Judge’s Court for an adjudication of incompetency, and the cause is heard by a Circuit Judge sitting for an absent or disqualified County Judge, the judgment is that of the County Judge’s Court, and the appeal from such judgment should be taken to the Circuit Court under the provisions of Section 61.01, Fla.Stat. 1953, F.S.A. It was, then, error for the Circuit Court of Dade County to dismiss, on jurisdictional grounds, the appeal to it from the judgment of incompetency.
We have, however, carefully examined the record of the proceedings resulting in such judgment of incompetency, and find that' the evidence amply supported the judgment entered in such proceedings, as found by the appellate Circuit Judge in his order on the appeal, and that there was *549 no such departure from the essential requirements of law as to require a quashal of the order brought here for réview.
Certiorari is, accordingly, denied.
DREW, C. J., TERRELL, J., and STANLY, Associate Justice, concur.