CARROLL, DONALD, Judge.
In this appeal from an order of the County Judge for Volusia County, adjudging the appellant to be an incompetent, both she and the appellee, her guardian, have filed motions pertaining to the validity of the appeal. While motions are customarily disposed of in appellate courts through administrative orders without opinions, the motions on this appeal raise such fundamental questions of the appellate rights of adjudicated incompetents that we consider that an opinion discussing those rights is in order here.
In his motion to dismiss the appeal the appellee contends that when the appellant was adjudged an incompetent by the County Judge’s order pursuant to Section 394.22(10) (a) (b), Florida Statutes (1957), F.S.A., she “was rendered incapable of managing her own affairs or of making any contract with her attorney for the purpose of instituting and prosecuting this appeal.”
We cannot agree with this contention, though it may appear logical from a purely theoretical point of view. If this were the law, every person adjudicated incompetent would be ipso facto deprived of the right of an appellate review of such an adjudication, making for a kind of judicial “begging of the question”.
If we were to hold that a person adjudged incompetent could not appeal from the order of adjudication because he lacked the mental competence to take an appeal, the law would be doing a monstrous thing, for such a person would be precluded from appealing by the appellate court’s giving effect to an order the very validity of which is sought to be reviewed by appeal.
Our conclusion on this point is supported by the decision of the Supreme Court of Florida in the case of In re Freeman’s Petition, Fla.1955, 84 So.2d 544. In that case, Campbell was adjudicated an incompetent by the County Judge’s Court of Dade *203 County. Campbell appealed the order of adjudication to the Circuit Court of Dade County. The Circuit Court dismissed the appeal on motion on the grounds that the adjudication of incompetency was a non-appealable judgment and that, in addition, there was sufficient evidence to sustain the finding of incompetency. Campbell appealed from this order of dismissal to the Supreme Court, which considered the appeal as a petition for certiorari and held that a judgment adjudicating incompetency entered by a county judge’s court was ap-pealable to the Circuit Court under the statutes then existing. Finally, however, the Supreme Court denied certiorari for the reason that the evidence amply supported the County Judge’s Court’s adjudication of incompetency.
Subsequent to the Campbell decision, the Florida Constitution was amended to provide that appeals from the County Judge’s Court may be taken to the District Courts of Appeal (Florida Constitution, Article V, Section 5(3), adopted in 1956, F.S.A.). Our research has failed to reveal any cases dealing with this problem under the new appellate process. On the basis of the Campbell decision, as well as our reasoning as set forth earlier in this opinion, we hold that the judgment adjudicating incompetence in the instant case was appealable by the adjudicated incompetent to this District Court of Appeal. The appellee’s motion to dismiss this appeal, questioning such appealability, is therefore denied.
The appellant’s counsel have also filed a motion denominated “Motion, Etc.” requesting this Court to instruct them as to their duty and obligation to comply with the request of the appellant to dismiss this appeal. Attached to this motion as a part thereof is a copy of a letter from appellant to her counsel reading in pertinent part:
“You are hereby instructed to dismiss all pending appeals in connection with my affairs and to withdraw from said proceedings as my attorney.”
Also attached to this motion of the appellant is a copy of letters to appellant’s counsel from the guardians of the person and the property of Campbell, which letters contain language substantially the same as that just quoted from the appellant’s letter to her counsel.
Under these circumstances it would be easy to consider this motion as in essence a voluntary motion to dismiss her own appeal upon the inescapable logic either that, if she were competent to take the appeal, she would be equally competent to dismiss her appeal; or that, if she was not thus competent, then her guardian would seem to have authority to order dismissal of the appeal.
We think a better course, however, is to require that counsel for appellant prepare and file in this cause a formal motion to dismiss the appeal, specifying as grounds thereof the instructions received by them from appellant, and the guardians of appellant’s person and estate. Upon the filing of such motion it will be considered and disposed of by the court in the customary manner.
In view of our disposition of the foregoing motions, it is unnecessary at this time for us to consider and rule upon the appellant’s motion to review the order of the County Judge’s Court refusing to grant a supersedeas of the judgment appealed from herein, so we have not passed upon the said motion.
WIGGINTON, Chief Judge, and STUR-GIS, J., concur.