COBB, Judge.
After a competency hearing, appellant, Lynn Taylor, Sr., was adjudged incompetent and his son and daughter appointed as his guardians.[1] The appellant claims the trial court erred in adjudging him incompetent, since Dr. Schneider, a member of the examining committee, failed to examine him following his appointment to the committee, pursuant to section 744.33l(5)(a), Florida Statutes (1981).
Section 744.331(5)(a) states as follows: The judge shall appoint an examining committee consisting of one responsible citizen and two practicing physicians who shall not be associated with each other in the practice of medicine. The citizen appointed shall not be associated with, or employed by, either physician. The examining committee shall proceed to examine the person to ascertain his mental and physical condition within a reasonable time after notice of its appointment. No petitioner shall serve as a member of the examining committee. (Emphasis added.)
Appellant contends this provision requires that the examining committee examine the person after its appointment, and that any examination occurring beforehand would not comply with the statutory requirements.
The statutory requirement for an examination seems based on a need for the committee to have first-hand knowledge of the patient’s condition to insure that they rule properly on a person’s competency. See In Re Huss, 157 Fla. 200, 25 So.2d 371 (Fla.1946).[2] This first-hand knowledge, we feel, can be gathered either after appointment to the committee, or a reasonable time before it.
In the instant case, Dr. Schneider examined Taylor some two weeks prior to his appointment to the committee and found him incompetent, with a condition that was chronic and slowly progressive. All three members of the committee subsequently signed the examination report which determined Taylor incompetent due to “diffuse athreo schlerosis with. mental impairment and insufficiency.”
Here, the doctor’s examination prior to his appointment certainly allowed him to *287 have the first-hand knowledge required for a competent diagnosis of Taylor’s condition, and therefore complies with the intent of the statutory requirement.
Therefore, the order adjudging Mr. Taylor incompetent issued below is
AFFIRMED.
SHARP and COWART, JJ., concur.

. Although Mr. Taylor has been adjudged incompetent, he still retains his right to appeal that order. See Marshall v. Howe, 121 So.2d 201 (Fla. 1st DCA 1960). As the court in Marshall stated:
If we were to hold that a person adjudged incompetent could not appeal from the order of adjudication because he lacked the mental competence to take an appeal, the law would be doing a monstrous thing, for such a person would be precluded from appealing by the appellate court’s giving effect to an order the very validity of which -is sought to be reviewed by appeal.
121 So.2d at 202.

. In Huss, three members of an examining committee were appointed to examine the petitioner to determine his competency. Two of the members examined the patient alone, and the third had an opportunity to examine him at another time. The subject charged that the adjudication and commitment were void, since the whole committee had not met as a group and made the examination. The Supreme Court held that the absence of one of the members from the examination was not a fatal defect nor even an irregularity, and that the statute (which was substantially similar to section 744.331 [5] [a]) did not specify in what manner the committee should function, but only required a thorough examination of the subject.