STATE OF FLORIDA ex rel. FLORIDA, WESTERN & NORTHERN RAILROAD COMPANY, a Corporation, *Relator*, v. C. E. CHILLINGWORTH, as Circuit Judge of the Fifteenth Judicial Circuit, of the State of Florida, et al., *Respondents*.

En Banc.

Opinion filed September 30, 1929.

530

*Wideman & Wideman* for Relator.

Per Curiam.—The relator petitions for writ of prohibition to issue to Hon. C. E. Chillingworth as the Circuit Judge of the Fifteenth Judicial Circuit of Florida. It is alleged that

"Said Circuit Court, therefore, ordered and adjudged that the final judgment entered in said cause dated August 7th, 1924, be vacated and set aside, and that the order heretofore entered in said cause denying the motion of respondent, Josephine Williams Jones, for a new trial be vacated and set aside, and further ordered that said motion of said respondents for a new trial be granted, all of which will more fully appear by a certified copy of said order attached hereto."

It is contended by the relator that the Circuit Court of the Fifteenth Judicial Circuit of Florida in and for Palm Beach County, and the Judge thereof, is without jurisdiction to enter any order allowing any proceedings that will require the payment by relator of any other additional compensation for the real estate involved.

The petition grows out of litigation for the condemnation of certain land. In that case the Florida Western & Northern Railroad Company, a corporation, brought condemnation proceedings to acquire certain real estate for its corporate use in Palm Beach County.

One James A. Brown intervened in the suit, claiming an interest in the property sought to be condemned under and by virtue of a contract for purchase and sale entered into between himself and the defendant, James Griffith or Griffis.

Josephine Williams Jones intervened, claiming the fee simple title to the entire property.

The judgment was in favor of Griffis for the sum of $4,000 except the sum of $1,213 thereof due the intervenor James A. Brown, and that there is no estate in said land other than that of James G. Griffis and James A. Brown, and for the sum of $250.00 as attorney's fees.

This Court held that:

"As to this estate James G. Griffis took nothing by inheritance from his wife, Christine, neither did the will of Christine whereby she attempted to devise the property to her niece vest in the niece any estate in the lands, because Christine had not elected to take a child's part, and there being a living child of Joe Williams at the time of his death, the widow Christine took only a life estate in the property, and at her death the entire estate passed to the child, the intervenor Josephine Williams Jones, under the provisions of Sections 5483 and 5484, Comp. Gen. Laws 1927."

The judgment was reversed and the cause remanded for further proceedings not inconsistent with the opinion.

The right of the complainant in the condemnation suit to acquire the property was not involved in the case

before this Court in which opinion was filed May 14th, 1929, and reported in 122 So. R. 219. Neither was the amount of the award involved in that appeal. The sole question was whether or not Josephine Williams Jones, an intervenor, held title to the property, which question had been determined adversely to her in the lower court.

The effect of the reversal of the judgment heretofore mentioned was not to disturb the judgment insofar as it found for the complainant in its right to condemn, nor insofar as it involved the award of a certain sum as compensation, but was to reverse that part of the judgment which required the award to be paid to Griffis and Brown. Therefore, the mandate in that case may be complied with by an order of the circuit court vacating that part of the judgment which directed the award to be paid part to Griffis and a part to James A. Brown and entering in lieu thereof a judgment requiring the award to be paid to Josephine Williams Jones.

The petition of the relator fails to show that the Court is without jurisdiction to make further orders and judgments touching the rights of the parties in this case. The most that is shown is that the Court is about to make such orders and decrees which might, upon proper presentation, be construed to be erroneous.

All the parties to the original suit in the circuit court were parties of which this Court acquired jurisdiction in the appellate proceedings and when the mandate of this Court went back to the circuit court it carried with it jurisdiction of all the parties again to the circuit court.

The petition for writ of prohibition should, therefore, be denied and it is so ordered.

Denied.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.