DREW, Justice.
After this action at law was remanded to the circuit court by the federal district court, the petitioner made a second “Special Appearance” contending the circuit court had no jurisdiction over its person. The court entered a ruling adverse to him on that contention and petitioner seeks review thereof by a suggestion for a writ of prohibition filed in this court.
It is conceded that the circuit court has; jurisdiction of -the subject matter of this, law action which is a suit in tort. The question presented, therefore, is whether prohibition will lie to review the correctness of an order of a trial court overruling a challenge to its jurisdiction over the person of a defendant, where that court has jurisdiction over the subject matter of the suit. ,
.That prohibition may not be had under those circumstances is clear from our ruling in the similar case of State ex rel. Rheinauer v. Malone, 40 Fla. 129, 23 So. 575, 577, wherein the trial court had jurisdiction of the subject matter of the suit and we held that an adverse ruling by the trial court upon a challenge to the court’s jurisdiction over the person of the defendant-petitioner, based upon an alleged insufficiency of service of process, was a ruling “within the sphere of its jurisdiction” and, therefore, even if that decision were assumed to be wrong; “it would afford no ground for the issuance of a writ of prohibition, as the *332 remedy to correct such an erroneous ruling is plain and adequate, by writ of error after final' judgment, should one be rendered against petitioner.” See also Curtis v. Albritton, 101 Fla. 853, 132 So. 677, collocating relevant authorities and discussing the purpose and scope of the writ of prohibition.
The rule nisi heretofore issued is quashed and the writ of prohibition is discharged.
MATHEWS, C. J., and. THOMAS, HOBSON and ROBERTS, JJ., concur.