128 So.2d 600 (1961)
In re ESTATE of George H. WARTMAN, Jr.
Virginia WARTMAN, Petitioner,
v.
Margaret Mason WARTMAN, as Executrix of the Estate of George H. Wartman, Jr., Respondent.
No. 30800.
Supreme Court of Florida.
March 22, 1961.
Rehearing Denied April 25, 1961.
*601 Gotthardt, Christie & Shepard and Kenneth L. Ryskamp, Miami, for petitioner.
Robert M. Brake, Coral Gables, for respondent.
DREW, Justice.
This case comes before us by certification from the District Court of Appeal, Third District, and embraces a decision passing upon a question of great public interest because it involves "an important new point of law relating to jurisdiction of the District Courts of Appeal." The petition for writ of certiorari accompanying the certificate was considered in the opinion of In re Wartman's Estate before this Court at an earlier time.[1]
Respondent here, appellee below, Margaret Mason Wartman, as executrix of the estate of George H. Wartman, Jr., moved to dismiss an appeal filed December 18, 1959 in the District Court of Appeal, Third District, directed to an order of the County Judge's Court for Dade County dated November 12, 1959. The District Court of Appeal, Third District, entered its decision dismissing the appeal.[2]
*602 There is but one question with which we are faced, namely, whether the period of appeal as to final orders or decrees of the county judge's court in probate matters is 60 days or 30 days. In the instant case the appeal was filed on or about the 36th day and not within the period provided by Florida Statutes 732.16(2) (1959), F.S.A. This section is quite clear and reads:
"(2) Time for Appeal.  An appeal to the circuit court from an order or judgment of the county judge in a probate matter must be taken within thirty days from the date on which the order or judgment appealed was filed in the office of the county judge."
To conclude our study at this plateau would lead to the obvious inference that the statute contained the answer to the problem in the instant case.
Section 732.16, Florida Statutes (1959), F.S.A. must be read in conjunction with Section 732.19,[3] Florida Statutes (1959), F.S.A. as the former prescribed 30 days for appeal to the circuit court which then had intermediate appellate jurisdiction, and the latter prescribed 60 days for appeal to the Supreme Court which prior to the constitutional amendments of 1956 had final appellate jurisdiction in probate matters. Section 732.15, Florida Statutes (1959), F.S.A., allows these two appeals as a matter of right.[4] There was no constitutional ban to this procedural provision allowing for two appeals prior to the amendment of Article V of the Florida Constitution in 1956.
The former Article V, Section 5, lodged in this Court appellate jurisdiction "of appeals from Circuit Courts in cases arising before Judges of the County Courts in matters pertaining to their probate jurisdiction and in the management of estates of infants." Article V, Section 11, of the preamended Constitution provided that circuit courts shall have "supervision and appellate jurisdiction of matters arising before County Judges pertaining to their probate jurisdiction, or to the estates and interests of minors". Both of these sections of the Constitution were implemented by the statutory sections 732.15 through 732.20, Florida Statutes (1959), F.S.A.
The present provision, as amended, i.e. Article V, Sections 4(2) and 6(3) prescribes the jurisdiction of this Court and the circuit courts without granting to these courts appellate jurisdiction through appeal pertaining to probate matters or to estates and interests of minors and incompetents.
*603 The two appeals under the former sections were first to the circuit court from an order, judgment or decree of a county judge, and secondly the appeal to this Court from an order or judgment of the circuit court rendered on an appeal to it from a county judge's court. Two independent appeals were contemplated and legally provided for. Under the amended Article V, Section 5(3) only a single appeal is authorized which is a direct appeal from an order or judgment of a county judge to a district court of appeal.[5]
Not only has the organic provision been altered, but the implementation as well. Replacing the statutes, supra, under the amended Article are the Florida Appellate Rules governing practice and procedure[6] and Section 59.08, Florida Statutes (1959), F.S.A.,[7] governing time. The rules were drawn in a manner to conform to the new constitutional provisions. Rule 4.4, F.A.R., 31 F.S.A.,[8] providing for the procedure to be followed in appeals from the county judge's court to the district courts of appeal, was adopted to conform with the new provisions of Article V, Section 5. Rule 1.4, F.A.R.,[9] which provides that all statutes not superseded by the Florida Appellate Rules shall remain in effect as rules promulgated by this Court, is necessarily limited to statutes relating to practice and procedure.
Rule 3.2(b), F.A.R.,[10] must be read in the light of our decision in Ramagli Realty Co. v. Craver, Fla. 1960, 121 So.2d 648, holding that the time within which appeals must be taken is purely a legislative matter and not subject to regulation by rules of this Court. Under this decision, the last three words in the rule, viz. "or these rules" must be regarded as surplusage. This leaves the rule merely one tracking the statutes. A careful study of the rules will reveal that in those instances where the subject dealt with is one lying in the grey area between "practice and procedure" and substantive law, the rule and statute have been preserved out of an abundance of caution and until such rules have been construed by this Court as falling within one or the other categories.[11]
Having considered the effect of the amended Article V on appeals such as arise in the instant case, it is patently clear that the constitutional authority for Section *604 732.15, Florida Statutes, F.S.A. has been withdrawn.
Respondent argues that either the 30 day provision in the unconstitutional Section 732.16 is retained inviolate or that this Court revived this portion of the statute by incorporating it by reference into the Florida Appellate Rules. Answering the second contention first, if this Court had the authority to fix an appeal period, which it does not have, this Court has no constitutional authority to revive a portion of an unconstitutional statute and subsequently incorporate it by reference or any other way in the Florida Appellate Rules. As to the first argument which allows the 30 day provision to remain alive when all the remainder of the statute has lost its constitutional validity is to do serious damage to our previous decisions on statutory interpretation,[12] as well as the plain intendments of Article V.
Codomo v. Shaw, Fla. 1958, 99 So.2d 849, 851, relied upon by the court below, is, in fact, not authority for this instant decision. In the Codomo case, Section 475.35, Florida Statutes of the Real Estate License Law, F.S.A. was under consideration. It provided for an appeal to the circuit court and also provided for procedure therefor including a 30 day time for filing notice of appeal. New Article V, Section 6 had eliminated legislative authority for such an appeal. In holding that this statute "must fall" and was "repealed", we held:
"* * * We note that former Article V, Section 11, of the constitution provided for final appellate jurisdiction in the circuit courts as to certain specified matters `and of such other matters as the Legislature may provide.' Thus the authority upon which F.S. § 475.35, F.S.A., rested was clear. The quoted language, however, was eliminated from new Article V, Section 6 (the present counterpart of former Section 11) in connection with final appellate jurisdiction, although this language was retained in connection with original jurisdiction. This elimination of the enabling language, to our mind, demonstrates an intention on the part of the framers to remove the support for F.S. § 475.35, F.S.A., and the statute, accordingly, must fall." at page 851.
Fragmentary invalidation of Section 732.16 to Section 732.20 which contain no severability or savings clause so as to uphold the portion of the statute containing the 30 day provision is an unacceptable legal method of striking objectionable provisions absent legislative intent in that direction.[13] The double appeal previously allowed as a matter of right in probate proceedings was abolished by constitutional amendment and, therefore, all statutory sections referring to this appellate avenue are also superseded in their entirety.
In view of the foregoing, we conclude and hold that Section 732.15 to Section 732.20, inclusive, were rendered ineffective and inoperative as of the effective *605 date of amended Article V of the Florida Constitution and are no longer in force and effect. We hold that all appeals from final orders or decrees of county judges' courts pertaining to probate matters or to estates and interests of minors and incompetents to the district courts of appeal, insofar as practice and procedure are concerned, are governed by Florida Appellate Rules and that the time within which such appeals may be taken are governed by Section 59.08, Florida Statutes, F.S.A.
The decision of the District Court of Appeal, Third District, herein is quashed and the cause remanded with instructions to reinstate the appeal.
THOMAS, C.J., and TERRELL, HOBSON, ROBERTS, THORNAL and O'CONNELL, JJ., concur.
NOTES
[1] See Fla. 1960, 121 So.2d 660.
[2] In re Wartman's Estate, Fla.App. 1960, 118 So.2d 838, 839 the substance of the court's opinion reads:

"The appellee. Margaret Mason Wartman, as executrix of the estate of George H. Wartman, Jr., has moved to dismiss this appeal upon the following ground:
"`1. The order from which this appeal is taken was entered by the Honorable George T. Clark, one of the Judges of the County Judge's Court in and for Dade County, Florida, on November 12, 1959, and recorded in the probate records of said court on said date. Notice of appeal in this cause was filed on December 18, 1959 and recorded in said court on said date. Florida Statutes, Section 732.16 [F.S.A.] modifies Rule 3.2 [subd.] b of the Florida Appellate Rules [31 F.S.A.] by providing that appeals from probate matters shall be taken within thirty (30) days from and after the entry of the Order appealed from and in the cause at bar the notice of appeal was filed more than thirty (30) days from and after the Order appealed from.'
"We find the ground is well taken and the appeal is dismissed."
[3] "732.19 Appeals to the supreme court. 

"(1) An appeal from the circuit court to the supreme court shall be governed in all respects by the law and the rules regulating appeals in chancery, except as herein otherwise provided. Such an appeal shall be taken within sixty days from the filing in the office of the clerk of the circuit court of the order or judgment of the circuit court appealed.
"(2) After an appeal is taken, the clerk of the circuit court shall make up the record on the appeal to the supreme court from the original probate filed in his custody, or from such portions as may be designated by the parties to the appeal, and he shall certify that such record is correct.
"(3) The clerk of the circuit court shall retain the original probate file until he has made up and certified the transcript, whereupon he may immediately return such file to the county judge. If there is no supersedeas of the circuit court's judgment, the mandate shall be delivered to the county judge at the expiration of the time limited for taking the appeal to the supreme court."
[4] "732.15 Right of appeal. 

"(1) All orders, judgments, and decrees of the county judge finally determining rights of any party in any particular proceedings in the administration of the estate of a decedent may, as a matter of right, be appealed to the circuit court and from the circuit court to the supreme court.
"(2) In the event of a circuit judge's sitting as a county judge as provided in § 732.05, the appeal from any order, judgment, or decree of such circuit judge sitting as a county judge shall be to the circuit court and from the circuit court to the supreme court."
[5] "(3) Jurisdiction. Appeals from trial courts in each appellate district, and from final orders or decrees of county judge's courts pertaining to probate matters or to estates and interests of minors and incompetents, may be taken to the court of appeal of such district, as a matter of right, from all final judgments or decrees except those from which appeals may be taken direct to the supreme court or to a circuit court."
[6] "Section 3. Practice and procedure.  The practice and procedure in all courts shall be governed by rules adopted by the supreme court."
[7] "59.08 Time for taking appeals or filing petitions for certiorari.  Appeals, including petitions for review by certiorari, or proceedings in the nature of certiorari, shall be taken or filed within sixty days from and after the entry of the order, decision, judgment, or decree appealed from."
[8] "The Florida Appellate Rules relating to appeals shall apply to appeals from final orders or decrees of county judge's courts pertaining to probate matters or to estates and interests of minors and incompetents."
[9] "These rules shall become effective July 1, 1957. Proceedings commended prior to July 1, 1957, shall be governed by the rules theretofore in effect. From their effective date as to proceedings commenced after June 30, 1957, these rules shall supersede all conflicting rules and statutes. All statutes not superseded hereby or in conflict herewith shall remain in effect as rules promulgated by the Supreme Court."
[10] "b. Time. Appeals from final decisions, orders, judgments or decrees shall be commenced within 60 days from the rendition of the final decision, order, judgment or decree appealed from, unless some other period of time for taking an appeal is specifically provided by statute or these rules."
[11] For example, compare Rules 5.1, F.A.R. through 5.11, F.A.R. and Section 59.13, Florida Statutes (1959), F.S.A.
[12] "* * * If any of the provisions of the act that are held to be illegal, induced to any appreciable extent its passage, the entire act fails in view of the interdependence of the provisions." State ex rel. West v. Hilburn, 1915, 70 Fla. 55, 69 So. 784, 786.

"In such cases, the test is whether the court can say that the legislature would not have enacted the law under scrutiny except for the provision held unconstitutional. Where the objectionable provision is an integral part of the statute and cannot be separated from it without doing violence to the legislative intent, the entire statute will be held invalid." 30 Fla.Jur. Statutes Sect. 138 (1960).
[13] State ex rel. Limpus v. Newell, Fla. 1956, 85 So.2d 124, 128. "* * * The test is whether this court can say that the Legislature would not have enacted the law under scrutiny except for the provision which is herein held unconstitutional and invalid. * * *"