PER CURIAM.
The appellee moved to dismiss this appeal from a judgment of the civil court of record upon the ground that the same was not timely filed. The notice of appeal was filed 47 days after the rendition of the judgment appealed.
Section 33.11, Fla.Stat., F.S.A., provides in part “ * * * that no matters so appealed shall be had later than one calendar month after the entry of (a) the judgment appealed * * * ” [Emphasis supplied.] Section 59.08, Fla.Stat., F.S.A., provides that appeals shall be taken within 60 days from the entry of the judgment appealed. See, also, F.A.R. 3.2, subd. b, 31 F.S.A.
In Fuller v. Riley, Fla.App.1960, 124 So.2d 499, this court held the provisions of Section 33.11, supra, controlled the time in which an appeal could be taken from the civil court of record. However, subsequent to the rendition of the opinion in the Fuller case, the Supreme Court of Florida decided a similar question contrary to the views expressed by this court in the Fuller case. In re Wartman’s Estate, Fla.1961, 128 So.2d 600. We conclude the principles announced in the Wartman case are controlling here. Accordingly, we recede *219 from our holding in the Fuller case and upon the authority of In re Wartman’s Estate, supra, deny appellee’s motion to dismiss.
It is so ordered.