## O'NEILL v. JUDGES OF DADE COUNTY METROPOLITAN COURT.
No. 63-L-156.

Circuit Court, Dade County.
April 9, 1963.

Prebish & Duval, Miami, for petitioner.

Richard E. Gerstein, State Attorney, Joan Odell Fransella, Ass't. State Attorney, for respondents.

GEORGE E. SCHULZ, Circuit Judge.

This matter came on to be heard upon the suggestion for writ of prohibition and order to show cause challenging the jurisdiction of the Dade metropolitan court to try the petitioner for a violation of the Traffic Ordinance of Dade County, on the ground that the petitioner was unlawfully and illegally arrested in that he was arrested by an officer who did not see the alleged offense committed, and on the respondents' motion to quash the rule nisi, demurrer to the suggestion, motion to dismiss the cause, and accompanying memorandum of law. An examination of the proceedings disclosed the following controversy —

On December 5, 1962, petitioner was arrested without warrants and charged with careless driving and driving while under the influence of an intoxicating beverage in violation of sections 30-17(a) and 30-15(a) of the Code of Metropolitan Dade County. The suggestion alleges that the offenses were not committed in the presence of the arresting officer. The petitioner was released on a bond of $375. On December 28, 1962, petitioner filed in the trial court a motion to quash and dismiss the charges, and as grounds for said motion said that his arrest was illegal and in violation of section 901.15, Florida Statutes. On January 2, 1963, the motion was heard before Metropolitan Judge Gerald J. Klein, and was denied. The cause was set for trial on the merits on January 24, 1963. On January 15, 1963, the suggestion for writ of prohibition was filed. On January 22, 1963, this court entered an order to show cause on or before March 29, 1963, why an alternative writ of prohibition should not be granted. On February 21, 1963, the state's motion to quash, demurrer and motion to dismiss was filed and was accompanied by a memorandum of law. The respondents contend that prohibition proceedings do not lie to gain relief from an alleged illegal arrest.

This court, after due consideration, is of the opinion that prohibition does not lie to test the jurisdiction of the trial court over a person of the defendant when the trial court has jurisdiction over the subject matter of the offenses. The record affirmatively shows that the Dade metropolitan court does have jurisdiction over the subject matter, to wit: the Traffic Ordinance of Dade County.

This matter arises as an outgrowth of the opinions of the Third District Court of Appeal in Campbell v. County of Dade, 113 So.2d 708, and Boyd v. County of Dade, 123 So.2d 323. This court construes the two opinions to mean that a bare motion to quash the charges set out in the summons or docket entry is not sufficient to reach or test the alleged illegality of the arrest. This can be done by appropriate motion similar to a special appearance or

motions to dismiss under our civil rules. See State, ex rel. Eli Lilly & Co. v. Shields, 83 So.2d 271; State, ex rel. Atlanta Paper Co. v. Herin, 80 So.2d 331. Obviously, the court's rulings on such a special appearance motion would be subject to review on appeal. State of Florida, ex rel. Crompton v. Turner, et al, Dade Circuit Court, Robert A. Floyd, J., No. 60-L-3128.

It is, therefore, the opinion and judgment of this court that petitioner has misconceived his remedy. He had an adequate remedy by motion and appeal if he so desired. It is, therefore, considered, ordered and adjudged that the order to show cause is quashed and the cause is dismissed and discharged at petitioner's cost. The petitioner shall proceed to trial in accordance with law.