PEARSON, TILLMAN, Judge.
We are presented with a petition for certiorari to review a judgment of the circuit court in the exercise of its appellate jurisdiction. The circuit court dismissed petitioner’s appeal from a conviction of a traffic violation in the Metropolitan Court. The petition alleges that the dismissal of the appeal was in violation of the essential requirements of law.
The circuit court, basing its action on § 6.02 of the Metro Charter,[1] dismissed petitioner’s appeal because it was filed more than twenty days after the entry of the judgment in the Metropolitan Court.
Petitioner contends that the 20-day appeal time provided by the Charter is not *103 effective in that the time for taking such an appeal is governed by the 90-day period provided by Florida Appellate Rules 6.1 and 6.2, 31 F.S.A.[2]
Respondent-County sets out that the determination of the time in which appeals may be taken is a legislative function. Ramagli Realty Co. v. Craver, Fla.1960, 121 So.2d 648; In re Wartman’s Estate, Fla.1961, 128 So.2d 600, 603. It urges that the Dade County Home Rule Charter (of which § 6.02 is quoted in footnote 1) is an exercise of such' legislative function pursuant to art. 8, § 11 (Dade County Home Rule Amendment) [3] of the Constitution of the State of Florida, F.S.A.
We think that upon the question of the appeal time for appeals from the Metropolitan Court of Dade County, the State statute of general application upon the subject of appeals from municipal courts must be considered. Section 932.52, Fla.Stat., F.S.A. provides in part as follows:
“(1) Any person convicted of any offense in any municipal court in this state may appeal from the judgment of such court to the circuit court of the county in which the conviction took place.
“(2) Appeals under this section* shall be taken, and filed within thirty-days from and after rendition of the the judgment appealed from.”
.* * * *
By way of recapitulation, we have the possible application of three different appeal times to the situation at hand: (1) The Florida Appellate Rules and § 924.09 Fla.Stat., F.S.A.[4] each provide a 90-day appeal period; (2) The Dade County Home Rule Charter provides a 20-day appeal period for appeals from Dade County Metropolitan Courts; and (3) The Florida statute of general application, § 932.52, Fla. Stat., F.S.A., provides a 30-day appeal period for appeals from municipal courts.[5] We conclude that the 30-day period set forth in § 932.52 must apply.
In Clark v. City of Orlando, Fla.App. 1959, 109 So.2d 416, it was held that § 932.52(2) Fla.Stat, F.S.A., controlled the time for taking appeals from municipal courts. The petitioner in that case had contended that the Florida Appellate Rules applied so as to change the time. This decision is not fully determinative here because we must deal with the effect of the provision in the Dade County Home Rule Charter. In addition, the. court pointed *104 out that its holding could not take into consideration the 1958 amendment to the Florida Appellate Rules which amended Rule 6.1 by including appeals from municipal courts to the circuit court within its purview.
We may presume that it was the intention of the Supreme Court to unify the provision for the time for taking appeals (as well as the procedure) in criminal and quasi-criminal cases. If such was the purpose, it was frustrated by the holding in Ramagli Realty Co. v. Craver, Fla.1960, 121 So.2d 648, cited above. This case held that the time for taking appeals is a purely legislative matter and not subject to regulation by that court. We may thus eliminate so much of petitioner’s contentions as urge that the Florida Appellate Rules are controlling.
We also reject the applicability of •§ 924.09, Fla.Stat., F.S.A., (providing that ■criminal appeals must be taken within 90 days) in that violations of local laws, ordinances and regulations do not constitute crimes. Boyd v. County of Dade, Fla.1960, 123 So.2d 323, 329. Therefore, if a statute governs, it is § 932.52, Fla.Stat., F.S.A., ■ (which contains the 30-day provision).
The question that remains is whether the Dade County Home Rule Charter has superseded the statutory provision. The Supreme Court of Florida in discussing the powers conferred upon the Board of County Commissioners of Dade County by the Dade County Home Rule Amendment pointed out:
“Under the foregoing provisions the Board exercises the powers formerly vested in the state legislature with respect to the affairs, property and government of Dade County and all the municipalities within its territorial limits. In the exercise of such power the Board, of course, may not transgress any of the provisions of the Constitution and general laws of this state except in those instances where the power to do so is expressly authorized by the provisions of that portion of the Florida Constitution designated as the Dade County Home Rule Amendment.” State v. Dade County, Fla.1962, 142 So.2d 79, 85.
The County points to the following language of the Amendment ini-§ 11(1) (f) as a provision expressly authorizing the setting of the time for appeal from the Metropolitan Court:
“(f) * * * such charter may create new courts * * * with jurisdiction to try all offenses against ordinances * * * and * * * the charter may confer appellate jurisdiction * *
But we must point out that the same sentence quoted also contains the following clause:
“ * * * provided, however, that there shall be no power to abolish or impair the jurisdiction of the Circuit Court * *
The Constitution of the State of Florida art. 5, § 6(3), confers upon the circuit court “final appellate jurisdiction * * * of all cases arising- in municipal courts * * Entirely in agreement with this provision, the Charter has designated the circuit court as the court having appellate jurisdiction of the metropolitan courts. The section of the constitutional grant in the amendment has therefore been exhausted since the provision is limited to the creation of any courts and designations of appellate jurisdiction. The general laws of the State of Florida set and determine the time for taking appeals, and the Florida Appellate Rules set the procedure to be used.
We therefore hold that the time for taking appeals from the metropolitan courts of Dade County to the circuit court is 30 days as stated in § 932.52, Fla.Stat., F.S.A. Applying this holding to the situation presented by the petition for certiorari now before us, we find that petitioner’s ap *105 peal to the circuit court was filed more than 30 days after rendition of the judgment appealed. 'Therefore, the circuit judge was entirely correct in his order dismissing the appeal and the petition for certiorari is denied.
It is so ordered.

. “Sec. 6.02. Jurisdiction and procedure.

“(F) Appeals will lie to the Circuit Court of this county from any final judgment. AJI such appeals shall be taken within SO days from the entry of the judgment in the manner provided by the rules of the Circuit Court. The decison of the Circuit Court shall be subject to review in the same manner and within the same time as any other decision of the Circuit Court.”

. The pertinent sections of Part VI Florida Appellate Rules which is labeled “Criminal Appeals” are:
“Rule 6.1 Applicability of Part VI
“Appeals in criminal cases to the Supreme Court, the district courts of appeal and to the circuit courts (including appeals from municipal courts), shall be prosecuted in accordance with Part VI of these rules and, except as herein stated, with such provisions of other parts of these rules as are not inconsistent with the provisions of Part VI.
“Rule 6.2 When Appeal to be Taken by Defendant
“Any appeal by the defendant shall be taken within 90 days after the judgment is entered, or from the judgment or sentence, or both, within 90 days after the sentence is entered.”

. The pertinent language is:
“(1) (f) * * * may create new courts * * * with jurisdiction to try all offenses against ordinances * * * and * * * the charter may confer appellate jurisdiction * *

. The pertinent section of Chapter 924, Fla.Stat., F.S.A. (a part of Title 45 which is labeled “Criminal Procedure”) is as follows:
“924.09 When appeal to be taken by defendant. An appeal may be taken by the defendant only within ninety days after the judgment, sentence, or order appealed from is entered, except that an appeal by a person who has not been granted probation may be taken from both judgment and sentence within ninety days after the sentence is entered.”

. The Supreme Court of Florida in the ease of Boyd v. Dade County, Fla.1960, 123 So.2d 323, indicates that the Metropolitan Court of Dade County is the equivalent of a municipal court in that jurisdiction of the court is confined to offenses against ordinances passed by the County Commissioners of Dade County.