## STATE v. HILYARD.
No. 5398.

Circuit Court, Dade County, Criminal Appeal.
January 3, 1964.

Edward C. Vining, Jr., Miami, for appellant.

Richard E. Gerstein, State Attorney, Joan Odell Fransella, Assistant State Attorney, for appellee.

RALPH O. CULLEN, Circuit Judge.

This cause coming on to be heard on final hearing on appeal from the metropolitan court, and the court having heard argument of counsel, and being otherwise fully advised in the premises, the court finds —

1. That this court in the case styled State, ex rel. Compton v. Turner, et al, case no. 60-L-3128, has held that a defendant who contends that his arrest is illegal may test the jurisdiction of the metropolitan court over his person by "appropriate motions similar to a special appearance on motion to dismiss under our civil rules, . . . . " and "that the court's ruling on such a special appearance motion would be subject to review upon appeal". See

also O'Neill v. Judges of Dade County Metropolitan Court, 21 Fla. Supp. 120.

2. That in this case the defendant below made timely motions and appeared specially in the metropolitan court prior to the date set for the trial of the cause in order to test the trial court's jurisdiction over her person, and alleged that her arrest, without a warrant, was illegal in that the arresting officer did not witness the offense as required in section 901.15 of Florida Statutes.

3. That a special hearing was held, the defendant not being present, at which time the arresting officer was sworn and testified under oath that he did not personally witness the defendant committing the offenses with which he charged her. The prosecuting attorney failed to show that the defendant was under the influence of intoxicating liquor and in actual physical control of her vehicle at the time the officer arrived at the scene.

4. The trial court denied defendant's motion on special appearance and committed a reversible error in so doing. Under section 901.15 of Florida Statutes, the trial court should have granted the defendant's motion.

Conditions may exist whereby an arresting officer may make a valid roadside arrest, but the testimony taken at the hearing on the motion falls short of this proof.

For the reasons stated above, the conviction is reversed without prejudice.