## ORTIZ v. METROPOLITAN COURT OF DADE COUNTY, et al.

No. 65-L-2083.

Circuit Court, Dade County.

August 18, 1965.

E. F. P. Brigham, Miami, for plaintiff.

Joan Odell Fransella, Assistant County Attorney and John P. Durant, Assistant State Attorney, for defendants.

JAMES LAWRENCE KING, Circuit Judge.

*Order discharging rule nisi and suggestion for prohibition:* Arturo H. Ortiz, a minor 14 years of age, was tried, convicted and sentenced by the metropolitan court for alleged violations of section 30, subsections 17 (a) and 13.1 (B) (1) of the traffic ordinances of Dade County. His sentence of imprisonment in the county jail for four days on two successive weekends was superseded by issuance of a rule nisi in prohibition on the day he was to commence serving the sentence, May 14, 1965.

The defendant, Dade County, a political subdivision of the state of Florida, was dismissed June 23, 1965, as not a proper party to these proceedings. The case proceeded to final hearing on July 30, 1965, at which time the plaintiff moved for a summary judgment. All parties agree that there are no factual disputes and the issues in controversy can be decided as a matter of law.

The issues delineated by the pleadings are — (1) has the plaintiff minor waived his right to object to trial by the metropolitan court, by not questioning the jurisdiction of that court until after conviction? and (2) does the defendant metropolitan court have jurisdiction to try the plaintiff Arturo H. Ortiz, a minor, in the light of article V, section 12 of the Florida constitution stating that exclusive jurisdiction of children, accused in criminal cases, is in the juvenile and domestic relations court? These questions will be discussed in the order in which they are stated.

The defendants allege in their return that the plaintiff selected the jurisdiction of the metropolitan court in which to have his cases tried, and is, in effect, estopped now to claim the lack of jurisdiction of the defendant court. It may well be doubted that compliance with a written command of a police officer to appear in the defendant court for trial on complaints preferred by him could accurately be described in any real sense as a "selection." However that may be, the appellate courts of this state have held that a challenge to the jurisdiction of a court can be made at any time, even after appeal, Hadley v. Hadley, Fla. 140 So.2d 326;

Tamiami Trail Tours v. Wooten (1950) 47 So.2d 743; State, ex rel. Goodrich Co. v. Trammell, 140 Fla. 500, 192 So. 175.

The plaintiff has utilized the proper procedure for testing jurisdiction of the metropolitan court by seeking a writ of prohibition. State, ex rel. Owens v. Pearson, Fla., 156 So.2d 4; State, ex rel. Diamond Berk Insurance Agency v. Carroll, Fla., 102 So.2d 129. The question of court jurisdiction over a 14-year-old minor being presented, as it here is, by suggestion for writ of prohibition, limits the court to a determination of only that issue.

It would be inappropriate for the court to express an opinion on the merits of the case or the sufficiency of the charges and proof against the plaintiff. These are matters properly for determination in the first instance by the experienced and learned defendant judge, and do not go to the question of jurisdiction, with which alone this court must be concerned. It is the general rule that errors relating to the sufficiency of the charges or the evidence to sustain them are matters for appellate review and do not justify the issuance of a writ of prohibition. Lorenzo v. Murphy, 159 Fla. 639, 32 So.2d 421; State, ex rel. Schwarz v. Heffernan, 142 Fla. 137, 194 So. 313; State, ex rel. Glass v. Sebring, 117 Fla. 788, 158 So. 446; State, ex rel. Florida W. & N. R. R. v. Chillingworth, 98 Fla. 529, 124 So. 20; State, ex rel. McCallum v. Smith, 32 Fla. 476, 14 So. 43. Even an erroneous solution of these matters by the defendant judge does not subject him to the issuance of a writ of prohibition, provided however, he has the requisite jurisdictional power and authority to determine any charge against a minor. The power of the trial court to determine carries with it the power to determine erroneously. State, ex rel. Atlanta Paper Co. v. Herin, Fla. 80 So.2d 331.

Turning to a consideration of the second issue raised by the pleadings, namely, does the metropolitan court have jurisdiction to try the plaintiff, a juvenile, charged with violating metropolitan ordinances? It is the opinion of this court, after thorough study of the organic law and statutory provisions of this jurisdiction, as well as the applicable appellate court decisions, that the metropolitan court has original jurisdiction over the plaintiff and all other juvenile traffic offenders in Dade County, who are charged with violation of metropolitan traffic ordinances.

Article VIII, section 11, constitution of the state of Florida, adopted as a part of our organic law by the people of Florida in the general election of 1956 provides for the adoption of a home rule charter for Dade County whereby there may be created "new courts and judges and clerks thereof with jurisdiction to try all offenses against ordinances passed by the board of county com-

missioners and none of the other courts provided for by this constitution or by general law shall have original jurisdiction to try such offenses . . ."[1]

The people of Dade County, on May 21, 1957, adopted a charter providing for a metropolitan court with such jurisdiction.[2]

---

[1]Article VIII, Section II, Dade County Home Rule Amendment—

(1)   The electors of Dade County, Florida, are granted power to adopt, revise, and amend from time to time a home rule charter of government for Dade County, Florida, under which the Board of County Commissioners of Dade County shall be the governing body.  This charter:

\* \* \*

(b)   May grant full power and authority to the Board of County Commissioners of Dade County to pass ordinances relating to the affairs, property and government of Dade County and provide suitable penalties for the violation thereof; to levy and collect such taxes as may be authorized by general law and no other taxes, and to do everything necessary to carry on a central metropolitan government in Dade County.

\* \* \*

(f)   May abolish and may provide a method for abolishing from time to time all offices provided for by Article VIII, Section 6, of the Constitution or by the Legislature, except the Superintendent of Public Instruction and may provide for the consolidation and transfer of the functions of such officers, provided, however, that there shall be no power to abolish or impair the jurisdiction of the Circuit Court or to abolish any other court provided for by this Constitution or by general law, or the judges or clerks thereof *although such charter may create new courts and judges and clerks thereof with jurisdiction to try all offenses against ordinances passed by the Board of County Commissioners of Dade County and none of the other courts provided for by this Constitution or by general law shall have original jurisdiction to try such offenses,* although the charter may confer appellate jurisdiction on such courts, and provided further that if said home rule charter shall abolish any county office or offices as authorized herein, that said charter shall contain adequate provision for the carrying on of all functions of said office or offices as are now or may hereafter be prescribed by general law. (Italics added.)

[2]Section 6.01, formerly Section 6.01(A)—

A court is hereby established, the name of which shall be the Metropolitan Court.

Section 6.15 A, formerly Section 6.02(A)—

(A)   The Court shall have jurisdiction to try all cases arising under ordinances adopted by the Board.

[3]Section 11-1—

The metropolitan court shall have exclusive original jurisdiction to try all cases arising under ordinances adopted by the county commission. Each judge, sitting alone, may exercise all the power and jurisdiction of

On July 21, 1959, chapter 11, article 1, section 11-1 and section 11-1.1 were adopted vesting exclusive original jurisdiction in the defendant metropolitan court of all juvenile traffic offenders.[3]

The plaintiff contends that the foregoing provisions of article VIII, section 11, the home rule charter, and ordinances relating to juvenile offenders are in conflict with article V, section 12, constitution of Florida, and Florida Statutes, sections 39.01, 39.02, as amended by chapter 63-12, Acts of 1963, and section 39.03. This court cannot agree with the interpretation placed upon these provisions by learned counsel for the plaintiff.

Article V, section 12, is not in conflict with article VIII, section 11, Florida constitution because it is clear that section 12 empowers the legislature "to vest in such courts [juvenile] exclusive original jurisdiction of all or any *criminal cases.*" Whereas section 11 of article VIII authorizes the creation of new courts, by charter, "with jurisdiction to try all offenses against ordinances passed by the board of county commissioners of Dade County and none of the other courts provided for by this constitution or by general law shall have original jurisdiction to try such offenses, . . .".

The Supreme Court of Florida, construing the jurisdiction of the metropolitan court of Dade County, in Boyd v. County of Dade, Fla., 123 So.2d 323, conclusively determined that the violation of a metropolitan ordinance was not a "crime". Of like holding is Roe v. State, 96 Fla. 723, 119 So. 118; Saffan v. County of Dade, Fla., 159 So.2d 102; and the cases cited in the Boyd decision, supra, at page 330 of the opinion.

the court, except that the judges shall adopt uniform rules of procedure by a majority vote.

Section 11-1.1—

The court shall have jurisdiction of all offenses committed in violation of the traffic ordinance [Chapter 30 of this Code] of Dade County, Florida, and any amendments thereto, by persons under seventeen years of age, hereafter referred to in this section as juvenile traffic offenders. If any juvenile traffic offender is sentenced to be confined, he shall be confined separately from nonjuvenile offenders. Whenever it shall appear to the metropolitan judge that a case pertaining to a juvenile offender should be transferred to the juvenile and domestic relations court, the case may be so transferred by appropriate written order of the metropolitan judge.

This section is applicable in all the incorporated and unincorporated areas of Dade County, Florida. It is declared to be the purpose of this section to provide for the trial of all juvenile traffic offenders in Dade County before the Metropolitan Court, except as provided in this section.

The Florida legislature enacted section 39.02, F.S., which provides in subsection (2), "all proceedings against a child for alleged violation of law must be brought in the juvenile court, . . ." "Violation of law" is defined in section 39.01(12) as — " 'Violation of law' means violation of any law of the United States, the state, or another state within the United States, or a city or town ordinance of a city or town within the United States. 'Federal law' means a law of the United States."

This statutory enactment is in conflict with the home rule amendment of the Florida constitution, inasmuch as the grant of power in article V, section 12, is limited to criminal cases, and does not grant to the Florida legislature power to grant exclusive original jurisdiction to the juvenile court over all "violations of law" in Dade County. Moreover, the definition of "violation of law" in F.S. 39.01(12) does not include metropolitan ordinances. By the pronouncement of the Supreme Court in the recent opinion in County of Dade v. Saffan, Fla., 173 So.2d 138, violation of a metropolitan ordinance cannot be said to be violation of a "city or town ordinance" —

"The metropolitan government of Dade County has some of the characteristics of both the traditional municipal and county governments, but it cannot be said to be either of the traditional forms. It is rather a new form of government in our state found only in Dade County. Any effort to describe it or liken it to either municipal or usual county government is likely to be inaccurate, erroneous and lead to confusion as it has here.

"The Metro Courts were neither visualized not contemplated when the legislature adopted Section 932.52, they are not municipal courts and therefore Section 932.52 is not applicable to them."

It is therefore, considered, ordered and adjudged — (1) That the defendants have jurisdiction to try the offenses with which the plaintiff was charged in the defendant court under complaint numbers 5-0 12462 and 5-0 12463. (2) That the plaintiff's motion for summary judgment is denied, and the rule nisi heretofore issued in this cause is discharged, and the suggestion for writ of prohibition is dismissed.