## STATE v. ROBBINS.
No. 6018.

Circuit Court, Dade County, Criminal Appeal.

September 29, 1967.

Harris J. Buchbinder of Talianoff, Waller & Brown, Miami Beach, for appellant.

Richard E. Gerstein, State Attorney, John Durant, Assistant State Attorney, for appellee.

HENRY L. BALABAN, Circuit Judge.

On March 20, 1965, the defendant-appellant, then 16 years of age, was charged with "Aiding and Abetting in Reckless Driving," a violation of sections 30-174 and 30-16 of the Code of Metropolitan Dade County.

On March 31, 1965, appellant was tried, found guilty, and sentenced to 20 days in jail and to pay a fine of $250.

On April 6, 1965, notice of appeal was filed from the order and conviction below.

On May 25, 1966, the circuit court affirmed the metropolitan court.

A motion to mitigate sentence was then filed in the trial court and was granted, the jail sentence being lowered to 10 days.

On July 15, 1966, a motion pursuant to Criminal Procedure Rule No. 1 was filed in the trial court, was denied and was followed by this appeal from such denial.

The basis of this appeal is that the trial court refused defendant's request for a continuance due to the fact that defendant's family attorney was out of town.

Appellant raises two points — (1) Such a denial, denied appellant due process of law as provided by the constitution of the United States, and (2) The metropolitan court does not have original jurisdiction to try children under the age of 17, for violations of law.

Every court has sua sponte the inherent power to determine its own jurisdiction. See 8 Fla. Jur. 323, *Courts*, §55.

This case is before this court on appeal from an alleged erroneous denial of a motion pursuant to Rule No. 1 of Criminal Procedure filed with the trial court, the metropolitan court, to vacate its judgment, conviction, and sentence of the defendant juvenile for violating the Metropolitan Traffic Code.

As its title clearly indicates, Rule No. 1 is a rule of "Criminal Procedure", F.S.A., Chapter 924, Appendix.

The determination of this appeal is directly controlled by the case of Ortiz v. Dade County, no. 65-L-2083, decided by the circuit court of Dade County on August 18, 1965, 25 Fla. Supp. 155, affirmed by the Supreme Court of Florida in a per curiam affirmance on May 18, 1966, and reaffirmed in a per curiam reaffirmance on rehearing on January 25, 1967. It was there held that the metropolitan court has original jurisdiction over a juvenile who has violated the Metropolitan Traffic Code. That decision was based, inter alia, on earlier opinions of the Supreme Court that the violation of a metropolitan ordinance was not a "crime." See the cases cited in Ortiz v. Dade County, supra.

The appellant minor, as previously stated, has already had a direct appeal on the merits, with the circuit court affirming the trial court. The alleged errors that were raised or could have been raised then are now res judicata — because the proceedings below were non-criminal in nature.

Rule No. 1 of Criminal Procedure is intended as a collateral attack over a judgment and conviction in a situation involving "criminal proceedings" where the defendant alleges he did not receive "due process of law" or, otherwise stated, did not have a "fair trial." Reddick v. State, 190 So.2d 340 (Fla. App. 1966), Young v. State, 177 So.2d 345 (Fla. App. 1965).

In the case at bar, the question of due process of law or fair trial in the said non-criminal proceeding was already decided on the merits adversely to the juvenile on his first appeal. The collateral attack now being made on the same judgment and conviction by invoking Rule No. 1 cannot be used as a means for a second appeal on the merits, if the juvenile is not entitled to invoke Rule No. 1 to begin with. Clearly, he is not entitled to invoke the rule because the penalty for the traffic violations is not a penalty for a "crime" — the metropolitan court proceedings are not "criminal proceedings."

Since appellant minor has no standing to invoke Rule No. 1 for the reason given, a denial of same by the trial court cannot automatically vest appellate jurisdiction in the circuit court at the instance of the defendant.

It follows that this court has no jurisdiction to review this case again on the merits by means of a disguised second appeal.

This appeal is, therefore, dismissed.

Counsel for appellant argued strenuously and eloquently about the youth of the appellant and stated his desire for a career in the law. The excellent reputation of the appellant and his family

were proved beyond question. If this were not an appellate court, greater consideration would have been given to these matters which are so important in the administration of justice, but this court's hands are tied in that regard, and there is nothing that it can legally do to relieve the appellant from the sentence to which he is now exposed.