392 So.2d 294 (1980)
STATE of Florida, Appellant,
v.
L.H., a Child; C.J.D., a Child; G.P.S., a Child; D.T.H., a Child; H.A., a Child; M.D.B., a Child; A.C., a Child; R.A.J., a Child; T.O., a Child; and K.G.D., a Child, Appellees.
Nos. 80-1196, 80-1216, 80-1218, 80-1219, 80-1269, 80-1271, 80-1272, 80-1274, 80-1277 and 80-1322.
District Court of Appeal of Florida, Second District.
December 10, 1980.
Jim Smith, Atty. Gen., Tallahassee, and Eula Tuttle Mason, Asst. Atty. Gen., Tampa, for appellant.
Jack O. Johnson, Public Defender, and Douglas P. Brinkmeyer, Asst. Public Defender, Bartow, for appellees.
GRIMES, Acting Chief Judge.
These appeals present the issue of whether the amount of time the state has to file a delinquency petition after a complaint has been referred to a juvenile intake office is a matter of substantive or procedural law.
The state filed a number of delinquency petitions against appellees more than thirty but less than forty-five days from the date the applicable complaints were referred to the intake office. The trial judges dismissed the petitions because at that time Florida Rule of Juvenile Procedure 8.110(e) required the court to dismiss a petition with prejudice if the state did not file it within *295 thirty days of the date of intake. The state argues that under section 39.05(6), Florida Statutes (1979), it was entitled to forty-five days from the dates of intake within which to file its petition. Thus, the proper determination of this case requires an analysis of the interplay between the legislation concerning juvenile delinquency and the rules of juvenile procedure.
In 1973 the legislature first provided that a delinquency petition "shall be dismissed with prejudice if it was not filed within thirty days from the date the complaint was referred to the intake office." § 39.05(7), Fla. Stat. (1973). Rule 8.020(5) of the Rules of Juvenile Procedure (1973 revision) then provided for the same thirty day filing requirement. In the course of revamping the law on juvenile justice in 1978, the legislature extended the period within which the state had to file the petition after intake to forty-five days. Ch. 78-414, § 8, Laws of Fla. Effective June 1980, the supreme court amended its applicable juvenile rule to forty-five days. In re Florida Rules of Juvenile Procedure, 389 So.2d 197 (Fla. 1980). In all of the cases before us, the complaints were referred to the intake office during the period of time in which the statute allowed forty-five days for filing and the juvenile rule of procedure permitted only thirty.
The state relies heavily upon S.R. v. State, 346 So.2d 1018 (Fla. 1977). There, the supreme court had to decide if the trial court should have dismissed a petition admittedly filed out of time pursuant to the statutory word "shall" or whether the dismissal was discretionary under the applicable juvenile rule which then stated that the petition "may" be dismissed if untimely filed. The court held that the statute provided a juvenile with a substantive right to have the petition dismissed with prejudice and that the substantive statute superseded the procedural rule. Consistent with this holding the supreme court soon amended Florida Rule of Juvenile Procedure 8.110(e) to change the word "may" to "shall."
Appellees point to State v. Golden, 350 So.2d 344 (Fla. 1976), in support of their position. In that case, the trial judge had declared unconstitutional sections 39.03(7)(a) and (b) which concerned the period of time the state could detain a juvenile prior to a judicial hearing. The premise for the ruling was that these statutory provisions were in conflict with the rules of juvenile procedure. The statutes required an initial appearance within twenty-four hours and an adjudicatory hearing within fourteen days, whereas the rules called for an initial appearance within forty-eight hours and an adjudicatory hearing within thirty days. On appeal, the supreme court ruled that the length of time an individual could spend in confinement was substantive in nature and was within the prerogative of the legislature to the extent that it did not violate a constitutional provision. Acknowledging that it had no authority to adopt rules which were primarily substantive in nature, the court observed that it had adopted the time limits prescribed by the juvenile rules in issue "in order to comply with then-recognized constitutional procedural requirements." 350 So.2d at 346-47. In reversing the trial court's judgment, the court held that while the legislature could not lengthen the detention time period because of Sixth Amendment constitutional infirmities, it had the right to shorten the period.
The recent decision in P.L.H. v. Brownlee, 389 So.2d 649 (Fla. 5th DCA 1980), is squarely on point with the present case because it involved a delinquency petition filed forty-two days after intake at the time in which the statute permitted forty-five days and the rule only thirty. The court applied the reasoning of Golden in holding that when the supreme court promulgated the rule which required the state to file a petition within thirty days, it was prescribing a procedural implementation of a constitutional right. Thus, as in Golden, our sister court concluded that the legislature could shorten the time but could not lengthen it.
*296 With all due respect, we believe that the court decided P.L.H. v. Brownlee on the wrong premise. The constitutional rights, which the juvenile rules referred to in Golden implemented, involved the prompt disposition of pretrial detention. The requirement to file the petition within thirty days after intake as contrasted to forty-five days does not involve a constitutional right. Absent legislation, a juvenile's rights are ordinarily similar to those of an adult. See Johnson v. State, 314 So.2d 573 (Fla. 1975). There is no constitutional limitation on the time for charging an adult by indictment or information except in those circumstances in which the defendant can prove he was prejudiced by the late filing. United States v. Lovasco, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); Suggs v. State, 358 So.2d 55 (Fla. 2d DCA 1978). Had the legislature not enacted a law specifically limiting the time for filing the petition for delinquency, there could be no such limitation on the time. Therefore, unlike the situation in Golden, the thirty day provision in Rule 8.110(e) did not constitute an implementation of a constitutional right.[1] Hence, the question boils down simply to whether the designating of a specific time period for the filing of a delinquency petition after intake is substantive or procedural.[2] If it is substantive, the statute controls, but if it is procedural, the rule controls since the Constitution of Florida gives our supreme court control over practice and procedure. State v. Garcia, 229 So.2d 236 (Fla. 1969); Art. V, § 2(a), Fla. Const. We believe that it is substantive and thus hold that the trial court erred in following the thirty day provision of the rule.
The requirement that the state file a petition for delinquency within a specified time is akin to a statute of limitations. Statutes of limitation derive their authority from the legislature; they are not judicial in nature. Rausaw v. United States, 253 F. Supp. 528 (S.D.Tex. 1966), aff'd, 376 F.2d 154 (5th Cir.1967); Lake v. Lietch, 550 P.2d 935 (Okl. 1976); Carney v. Smith, 222 Tenn. 472, 437 S.W.2d 246 (1969). Before our new constitution authorized the supreme court to establish the time periods for the taking of appeals, the courts held that the determination of the time within which appeals could be taken was a legislative rather than a judicial function. Ramagli Realty Co. v. Craver, 121 So.2d 648 (Fla. 1960); Saffan v. County of Dade, 159 So.2d 102 (Fla. 3d DCA 1963), rev'd on other grounds, 173 So.2d 138 (Fla. 1965). Moreover, as the state contends, the supreme court in S.R. v. State did hold, albeit in another context, that the very provision of the statute with which we are dealing was substantive rather than procedural.
We reverse the orders of dismissal and remand the cases for further proceedings.
OTT and CAMPBELL, JJ., concur.
NOTES
[1] Obviously, the supreme court could not have felt that its thirty day rule was intended to implement a constitutional right because it later followed the lead of the legislature in extending the time period to forty-five days.
[2] Appellees do not contend that the state was ever in violation of the separate speedy trial provision contained in the juvenile rules. Fla. R.Juv.P. 8.180.